05-94-00129-CR



FILED IN
COURT OF APPEALS
1998
LISA ROHBOK
CLERK 5TH DISTRICT

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. 0931-95

**JUAN ANTONIO CARRANZA, Appellant**

v.

**THE STATE OF TEXAS**

## ON'S STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

PRICE, J., *delivered the opinion of the Court, in which* McCORMICK, P.J., *and* OVERSTREET, MEYERS, HOLLAND *and* WOMACK, JJ., *joined.* BAIRD, J., *filed an opinion concurring in the judgment.* KELLER, J., *concurred only in the judgment.* MANSFIELD, J., *filed a dissenting opinion.*

## OPINION

Following a plea of guilty to the offense of involuntary manslaughter under former section 19.05 of the Texas Penal Code, a jury assessed Appellant's punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine. A deadly weapon finding was included in the judgment. Appellant filed a notice of appeal. The Dallas

## Arguments of the Parties

The State argues that by admonishing Appellant on the range of punishment for the offense, the trial court substantially complied with art. 26.13.[1] It urges that once it shows substantial compliance, the burden then shifts to Appellant to show harm from the failure to admonish him on the possibility of deportation. The State insists that Appellant has not met that burden, because he has not shown that he was harmed or misled in any way by the Court's admonishments or lack thereof, or that he was not aware of the consequences of his plea. Furthermore, the State urges that since Appellant was in the United States illegally at the time of trial and therefore already subject to the possibility of deportation, he could not possibly have been harmed by the trial court's failure to admonish him.

In support of its position, the State contends that this case is analogous to those cases in which courts have held that a failure to admonish a defendant regarding deportation is not reversible error when the record shows that the defendant is a United States citizen. See Cain v. State, 947 S.W.2d 262, 264-264 (Tex. Crim. App. 1997); Matchett v. State, 941 S.W.2d 922, 927 (Tex. Crim.

---

[1]The relevant provisions of art. 26.13 are as follows:
(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
   (1) the range of the punishment attached to the offense;
   \*\*\*
   (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.
   \*\*\*
   (b) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

> sufficient to safeguard rights of a truly unreviewable nature. Where the effects of a particular error are not discernable with reasonable certainty, the presumption of harm will, in fact, be unrebutted.

Id. at 928-929 (footnote and citation omitted). We went on to explain in a footnote that if Appellant's status were unknown or if he were in fact deportable, it would be impossible to determine the effects of the trial court's error and presumption of harm would be almost irrebuttable. Id. at 929 n.9.

We reasoned that because the defendant Matchett was a citizen of the United States, and therefore not subject to deportation, the deportation admonishment as applied to him was irrelevant. Id. at 929-930. Therefore we concluded that the failure to admonish him regarding art. 26.13 (a)(4) was harmless beyond a reasonable doubt. Id. at 930. But, we also stated that where the record is silent regarding the citizenship of a defendant then the legislature's intent must be followed and that failure to fully admonish a defendant regarding possible immigration consequences constitutes reversible error. Id.

Appellant argues that his particular situation is precisely the type anticipated by the aforementioned language in Matchett. He further argues that our more recent opinion in Cain also anticipated precisely his type of situation when we said, "Of course, where the error involved defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harmless error analysis, then the error will not be proven harmless beyond reasonable doubt under Rule 81(b)(2)." Cain, 947 S.W.2d at 264. Here, Appellant urges that because the evidence that he is an illegal alien is undisputed, the error involved "defies any meaningful harmless error analysis."

We recognize that Texas cases are somewhat confusing on the issue of a trial court's failure to give art. 26.13 admonishments. Recently, in Cain we formally rejected the "substantial

structural error);[3] (2) constitutional error that is harmful;[4] (3) constitutional error that is harmless;[5] (4) non-constitutional error that is harmful (i.e., affects a substantial right);[6] (5) non-constitutional error that is harmless (i.e., does not affect a substantial right).[7]

Therefore, when conducting a rule 44.2 harm analysis our first task is to determine whether the failure to substantially comply under 26.13 is an error of constitutional magnitude or an error which affects a substantial right. In McCarthy v.United States, 394 U.S. 459, 465-466, 89 S. Ct. 1166, 1170-1171, 22 L. Ed.2d 418 (1969), the Supreme Court considered the purpose of plea admonishments:

> First, although the procedure embodied in [admonishment] has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary. Second, the rule is intended to produce a complete record at the time the plea is entered of the factors relevant to the voluntariness determination. Thus the more meticulously the rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post conviction attacks on the constitutional validity of guilty pleas . . . A defendant who enters a guilty plea simultaneously waives several constitutional rights, including his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally knowing and voluntary, it has been obtained in violation of the due process and is therefore void. Moreover, because

---

[3]See Cain, 947 S.W.2d at 264.

[4]TEX. R. APP. P. 44.2(a).

[5]TEX. R. APP. P. 44.2(a).

[6]TEX. R. APP. P. 44.2(b).

[7]TEX. R. APP. P. 44.2(b).

comments to Rule 44.2 state: "Paragraph 44.2(b) is new and is taken from Federal Rule of Criminal Procedure 52(a) without substantive change." Therefore, it would seem that we only need look to the federal court's application of 52(a) for guidance regarding the proper standard of review to apply in our 44.2(b) situations. However, in McCarthy v. United States, which concerned a violation of the federal statutory admonishment requirement of Rule 11, the Supreme Court did not apply the harmless error provision of Rule 52(a) in assessing the harm of the violation. McCarthy, 394 U.S. at 468-472, 89 S. Ct. 1172-1174. Because some courts interpreted McCarthy to mean that provision could not be utilized with respect to Rule 11 proceedings, Congress added subdivision (h), a separate harmless error rule that specifically applies to statutory admonishment error, to Rule 11. FED. R. CRIM. P. 11 advisory committee's notes (1983 Amendment). Federal Rule 11(h) reads almost identically to Rule 52(a)[8] and makes clear that the harmless error provision of Rule 52(a) is applicable to Rule 11. FED. R. CRIM. P. 11 advisory committee's notes (1983 Amendment).

Based on this history as well as the aforementioned similarities between the Texas and federal harmless error rules, the State argues that we should adopt a combination of the Fifth Circuit's and the District of Columbia Circuit's standards of review for analyzing harm regarding failure to give admonishments. The Fifth Circuit has taken the position that Rule 11 error is harmless unless "the defendant's knowledge and comprehension of the full and correct information

---

[8] Federal Rule of Criminal Procedure 52(a) provides:
**Harmless Error.** Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

Federal Rule of Criminal Procedure 11(h) provides:
**Harmless Error.** Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. To require more would effectively allow the Rules of Appellate Procedure, which are promulgated by this Court, to "trump" or override the Code of Criminal Procedure, which is passed by our Legislature. This would be in contravention of Art. 44.33(a) (Court of Criminal Appeals shall make rules of post-trial and appellate procedure as to the hearing of criminal actions not inconsistent with the Code of Criminal Procedure), as well as the doctrines of "separation of powers" and "hierarchy of legislation." *See* TEX. CONST. art. II, § 1; 2 SUTHERLAND STAT. CONST. § 36.06 (5ᵗʰ ed. 1993) (in case of conflict between rules of court and state statutes, statutes prevail); accord, Rent v. State, ___ S.W.2d ___, No. 1231-97 (Tex. Crim. App. Sept. 16, 1998) (TEX. R. APP. P. 21.3(h) and 43.2(c) construed so as not to conflict with TEX. CODE CRIM. PROC. art. 44.29).

In the present case, the State argues that any error was harmless or must be disregarded because "Appellant was already subject to deportation due to his illegal immigrant status. . . ." Appellant responds that "significant differences exist between an alien who does not possess valid immigration documents and an alien who has been convicted of a criminal offense. . . ." We agree. According to the provisions of 8 U.S.C. § 1227, an alien in the United States is subject to deportation if he or she has been convicted of an "aggravated felony" at any time after entry. 8 U.S.C. § 1227(A)(iii). The phrase "aggravated felony" means, in part, a "crime of violence." 8 U.S.C.§ 1101(43)(F). A "crime of violence" is defined by 18 U.S.C. § 16 as an offense involving the use of physical force against a person or an offense that involves a substantial risk of physical force against a person. Thus, the offense of involuntary manslaughter would likely fall within the "crime of violence" definition. Although an alien with an expired permit may fall within the categories of an



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. 931-95

### JUAN ANTONIO CARRANZA, Appellant

### v.

### THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

**BAIRD, J.,** *delivered the concurring opinion.*

## C O N C U R R I N G   O P I N I O N

The majority correctly affirms the judgment of the Court of Appeals. However, it does so only after performing an erroneous harm analysis. Consequently, I cannot join the majority opinion.

The majority correctly finds the trial judge did not substantially comply with Tex.

sexual assault may forever bar his legal reentry into the United States. The majority opinion can easily be read to require offense-specific admonishments; the implication is strong that a conviction upon a plea of guilty or *nolo contendere* where the current, general admonishment has been given may be subject to attack on appeal or by post-conviction application for habeas relief as having been involuntarily and unintelligently made.[1] Any such change to Article 26.13(a)(4) is a policy matter best left to the Legislature; we should not "go there."

With these comments, I respectfully dissent.

MANSFIELD, J.

DELIVERED NOVEMBER 25, 1998

PUBLISH

---

[1] Left open is the question of whether a noncitizen convicted upon a plea of guilty or *nolo contendere* may in a post-conviction application for habeas relief, successfully claim ineffective assistance of counsel if counsel failed to inform him what the effect of conviction for that offense may be as to deportation and legal reentry under federal immigration law.



**Court of Criminal Appeals**

**Box 12308**

**Capitol Station**

**Austin, Texas 78711**



*Like A Whole Other Country.*
Official State of Texas Mail
Penalty for Private Use

NOV 25'98

PB METER 7202132

U.S. POSTAGE
=055=

LISA ROMBOK
CLERK 5TH COURT OF APPEALS
COURTHOUSE 600 COMMERCE 2ND FLOOR
DALLAS TX 75202

0931-95

75202-4604 04