In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00135-CR


______________________________




THOMAS SANCHEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 230th Judicial District Court


Harris County, Texas


Trial Court No. 885776




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 A Harris County jury convicted Thomas Sanchez, a pro se defendant assisted by standby
counsel, of possession of a controlled substance and assessed punishment at fifty years' confinement. 
Represented  by  counsel  on  appeal,  Sanchez  contends the  trial  court  fundamentally  erred  in
(1) improperly commenting on the weight of the evidence, (2) misguiding the jury as to its proper
function, and (3) offering unsolicited and incorrect legal advice. 

 Sanchez was charged with possession of a controlled substance after patrol officers,
executing a warrant, recovered from his car thirteen individually wrapped pieces of tar heroin
concealed in a candy container. Sanchez contends that two events during the ensuing trial-the trial
court's instructions to the venire before voir dire and its exchange with Sanchez before the
punishment phase of the trial-rose to the level of fundamental error. In its instructions to the venire,
the trial court commented on jury responsibilities and the wisdom of Sanchez's decision to represent
himself. In the trial court's exchange with Sanchez, outside the jury's presence, it questioned
Sanchez's intent to enter pleas to the indictment's enhancement paragraphs that contradicted his
earlier sworn testimony.

ANALYSIS

 To preserve error for appeal, trial counsel, or in this case a pro se defendant, must generally
make his or her complaint known through a timely request, objection, or motion to the trial court and
must obtain either a ruling from the court or show its refusal to rule. Tex. R. App. P. 33.1(a). 
Relying on Rule of Evidence 103(d) and the plurality opinion in Blue v. State, 41 S.W.3d 129 (Tex.
Crim. App. 2000) (Keasler, J., concurring), however, Sanchez contends the trial court's comments
resulted in fundamental error of constitutional dimension, requiring no objection in order to preserve
the appeal. Tex. R. Evid. 103(d).

 In Blue, a plurality of the Texas Court of Criminal Appeals relied on Rule 103(d) to take
notice of fundamental error, overcoming the general requirement for preservation of error by
objection. Regardless of whether the plurality's reliance on the Rules of Evidence was misplaced,
see Blue, 41 S.W.3d at 136-37, it is clear that existing caselaw mandates review of those rights
"considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special
protection" and which therefore cannot be forfeited or extinguished by inaction alone. Marin v.
State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), overruled on other grounds by Cain v. State,
947 S.W.2d 262 (Tex. Crim. App. 1997). When the trial court in Blue explained to the venire that
the defendant was seriously considering entering into a plea agreement with the State, its comments
"'vitiated the presumption of innocence' before the venire, adversely affecting [the] right to a fair
trial." Blue, 41 S.W.3d at 132 (citing United States v. Bray, 546 F.2d 851, 859 (10th Cir. 1976)). 
This statement constituted fundamental error and required no objection. Id.

 Contrary to Sanchez's contention that the trial court's statements to the venire in this case
similarly constituted fundamental error, it appears the trial court's statements did not rise "to such
a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." Jasper v.
State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Sanchez argues that, when the trial court
explained to the jury that he was to represent himself with the assistance of standby counsel, the
court unnecessarily elaborated, diminishing the credibility of his defense and depriving him of a fair
trial. Specifically, the court addressed Sanchez's lack of legal training and education, that the
potential pitfalls of self-representation had been exhaustively explained to him, and that the jury was
obligated to ensure he followed the same rules that an attorney would be required to follow. 

 In context, the trial court's statements concerning Sanchez's decision to represent himself
appear not to have been calculated to prejudice the veniremembers, but seem to have been intended
to impress on them that no consideration was to be given to his status as a pro se defendant-that he
would be held to the same standard as any defendant represented by counsel. The trial court clearly
indicated that those sitting on the jury would be required to reach a verdict based on the evidence,
irrespective of Sanchez's self-representation.

 The second event of which Sanchez complains took place out of the presence of the jury
before the punishment phase of trial and involved the trial court's questioning Sanchez's intent to
enter pleas to the indictment's enhancement paragraphs that contradicted his earlier sworn testimony. 
Sanchez contends that, by doing so, the court commented on the weight of the evidence and caused
him to plead true to, and stipulate to evidence of, his prior convictions, thus undermining his defense. 
The record reflects the trial court's rather parent-like counseling of Sanchez about how the jury might
respond to a perceived inconsistency between his prior testimony, in which Sanchez admitted having
been the person convicted of prior offenses used for enhancement purposes, and a subsequent plea
by Sanchez of "not true." During that exchange, the trial court made a comment that the court
disliked lying but also repeatedly assured Sanchez that the decision on how to respond to the
enhancement allegations rested with Sanchez alone. Sanchez then privately conferred with his
standby counsel before pleading true to enhancements and stipulating to evidence proffered by the
State. While we should not be understood as approving the trial court's efforts to counsel or
influence Sanchez, we find no fundamental error therein.

 The trial court's comments to the venire and its later exchange with Sanchez preceding the
punishment phase of trial were not so egregious as to constitute fundamental error. Sanchez's failure
to object at trial, therefore, waived any error on appeal. 

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 29, 2003

Date Decided: September 8, 2003


Do Not Publish



, serif"> Hence, this appeal is untimely, and we are without jurisdiction to hear this case.
 
 
 
 
            We dismiss this appeal for want of jurisdiction. 
 
                                                                        Josh R. Morriss, III
                                                                        Chief Justice

Date Submitted:          January 8, 2008
Date Decided:             January 9, 2008

Do Not Publish