**Jimmy Don CAIN, Appellant.**

v.

**The STATE of Texas.**

**Nos. 317–95, 318–95.**

Court of Criminal Appeals of Texas, En Banc.

June 18, 1997.

Richard Alley, Fort Worth, for appellant.

Amy Ayers Adams, District Attorney, Edward D. Lewallen, Asst. Dist. Atty., Weatherford, Matthew Paul, State's Atty., Austin, for State.

*OP:NION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

KELLER, Judge.

Appellant was indicted in 1993 in Parker County on two charges of aggravated robbery. He pled guilty to "aggravated robbery with a deadly weapon" in Cause Nos. 11520 and 11521 and elected to have the jury set punishment. Punishment was assessed at life in prison in both causes, to run concurrently. On January 11, 1995, appellant's conviction was affirmed by the Second Court of Appeals. *Cain v. State*, 893 S.W.2d 681(Tex.App.—Fort Worth 1995). We granted appellant's petition for discretionary review to determine whether the trial court reversibly erred in failing to admonish him about the deportation consequences to a non-citizen of a guilty plea when the record reflects that appellant is in fact a United States citizen.[1] We will affirm.

Appellant argues that the trial court committed reversible error by failing to admonish him in accordance with Article 26.13(a) of the Texas Code of Criminal Procedure. Specifically, the trial court failed to admonish appellant concerning the deportation consequences of his plea:

> the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Article 26.13(a)(4). In its brief to the Court of Appeals and in its response to appellant's petition for discretionary review, the State does not dispute that the (a)(4) admonishment was not given. Instead, it points to the fact that appellant is a U.S. citizen, and correctly infers that the failure to give the admonishment could not possibly have influenced appellant's decision to plead guilty. The Court of Appeals agreed with the State, holding that because the admonishment was immaterial to the plea and the record showed that appellant is a U.S. citizen,[2] the trial court substantially complied with Art. 26.13, and the burden shifted to the defendant to prove that he was harmed by the omission.

Our past decisions on the issue of complete failure to give an admonishment are confusing. Much of the debate has focused on 26.13(c), which states: " In admonishing the defendant as herein provided, substantial compliance by the court is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." In *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979) and more recently in *Morales v. State*, 872 S.W.2d 753 (Tex.Crim.App.1994), we have used 26.13(c) as the dominant paradigm for deciding when a conviction must be reversed.

In *Whitten v. State*, 587 S.W.2d 156 (Tex. Crim.App.1979), we held that where an admonishment was not given but the admonishment was immaterial to the pleas, the trial court was still in substantial compliance with the statute. *Id.* at 158. In *Morales*, however, we rejected the *Whitten* approach of finding substantial compliance where there was in fact no compliance with a particular admonishment. *Morales*, 872 S.W.2d at 754–755. The concurring opinion in *Morales* pointed out the difficulty with our "substantial compliance" jurisprudence, stating in effect that "substantial compliance," which is intended to address the language used in an inaccurate or incomplete admonishment, has been used as a type of harmless error analysis. *Morales*, 872 S.W.2d at 756 (Meyers, J., concurring).[3]

---

1. Although we granted two other grounds for review contained in appellant's petition, we now dismiss those grounds as improvidently granted.

2. Appellant disputes the State's position that the record affirmatively revealed his citizenship. However, the court of appeals found that the record did establish that the defendant was a U.S. citizen. It based this decision on the fact that State's Exhibit # 1, appellant's TDC record, showed his birthplace to be Parker County, Texas.

3. Judge Meyers wrote:
> The rationale underlying these peculiar cases reads more like an application of the harmless error rule than a determination that the admonishments actually given were substantially correct ... It is the sense of the statute that defendants need not be admonished in any particular form of words, but only that

However, in *Morales*, the record was silent on whether the defendant was a U.S. citizen. Seizing upon this fact, several appeals courts have distinguished *Morales* by applying the "substantial compliance through immateriality" doctrine to affirm convictions where the record affirmatively established that the defendant was a U.S. citizen. *See Durst v. State*, 900 S.W.2d 134, 139–140 (Tex.App.—Beaumont 1995, pet. ref'd); *Dixon v. State*, 891 S.W.2d 783, 783–784 (Tex.App.—Austin 1995); *Dominguez v. State*, 889 S.W.2d 13, 15–16 (Tex.App.—El Paso 1994). The Court of Appeals in this case used the same approach, holding that the trial court "substantially complied" with the statute. *Cain*, 893 S.W.2d at 685.

But the *Morales'* critique of the *Whitten* approach applies equally to the present context. To claim that an admonishment was in substantial compliance even though it was never given is a legal fiction. Article 26.13(c) has been used as a rough replacement for a harmless error analysis, when that is really not its purpose.

▌ However, *Morales* was mistaken to the extent that it may have implied that the absence of substantial compliance ends the inquiry. Recently, a plurality of this Court has opined that *all* errors, including a failure to admonish under Article 26.13(a)(4), are subject to the harmless error standard found in Texas Rule of Appellate Procedure 81(b)(2).[4] *Matchett v. State*, 941 S.W.2d 922, 926–30 (Tex.Crim.App.1996)(plurality opinion). The plurality recognized that its opinion conflicts with some statements found in *Marin v. State*, 851 S.W.2d 275 (Tex.Crim. App.1993) regarding the inapplicability of harmless error standards to certain kinds of errors but reasoned that appellate courts should not foreclose entire categories of error from harmless error review merely because such errors may *generally* resist a

meaningful harmless error determination. *Matchett*, 941 S.W.2d at 928–29. The plurality concluded that a failure to admonish under Article 26.13(a)(4) is subject to a Rule 81(b)(2) harmless error analysis and that the error is harmless beyond a reasonable doubt if the record contains evidence that the defendant is a U.S. citizen. *Id* at 929–30. We find the plurality opinion in *Matchett* to be well-reasoned, and we adopt that opinion's holding and reasoning. Except for certain federal constitutional errors labeled by the United States Supreme Court as "structural,"[5] no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis. Of course, where the error involved defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harmless error analysis, then the error will not be proven harmless beyond a reasonable doubt under Rule 81(b)(2). Hence, it may be true that some kinds of errors (particularly jurisdictional ones) will never be harmless under the Rule 81(b)(2) test and that some other kinds of errors will rarely be harmless. But, appellate courts should not automatically foreclose the application of the harmless error test to certain categories of error. Where an error is shown to be harmless, it is not a ground for reversal, regardless of the category or label attached to that particular error. In the present case, the trial court's failure to admonish the defendant concerning the deportation consequences of his plea is harmless because the record reflects that he is a U.S. citizen and is therefore not subject to deportation. To the extent that *Marin, Morales, Whitten*, and any other decision conflicts with the present opinion, they are overruled.

Although we disagree with the rationale of its opinion, the Court of Appeals reached the

---

the information be communicated to them in some effective way.
*Morales*, 872 S.W.2d at 756 (Meyers, J., concurring).

4. Rule 81(b)(2) provides:
   If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines

beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment

5. The Supreme Court has mandated that certain federal constitutional errors labeled as "structural" are not subject to a harmless error analysis. *See Arizona v. Fulminante*, 499 U.S. 279, 309–310, 111 S.Ct. 1246, 1264–1265, 113 L.Ed.2d 302 (1991).

correct result. Therefore, the judgment of the Court of Appeals is affirmed.

MEYERS, J., *concurs, with opinion to follow.*

BAIRD, Judge, concurring.

On direct appeal appellant contended the trial judge erred in failing to admonish appellant as required by Tex.Code Crim. Proc. Ann. art. 26.13(a)(4). The Court of Appeals, relying on art. 26.13(c), held the trial judge substantially complied because the art. 26.13(a)(4) admonishment was immaterial to appellant's plea. *Cain v. State*, 893 S.W.2d 681, 684 (Tex.App.—Fort Worth 1995). We granted review to determine the correctness of this holding.

### I.

Art. 26.13(a)(4) provides that the trial judge shall admonish the defendant of:

> the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendre for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Under the mandatory language of the statute, the admonishment must be given to every defendant entering a plea of guilty. *Morales v. State*, 872 S.W.2d 753, 755 (Tex. Cr.App.1994) (Clinton, Overstreet, Maloney and MEYERS, JJ., concurring) (citing *Ex parte Cervantes*, 762 S.W.2d 577 (Tex.Cr. App.1988)).

In *Morales*, the defendant entered into a plea bargain whereby she agreed to plead guilty to one offense and the State agreed to dismiss the remaining indictment. In admonishing Morales of the consequences of her guilty plea, the trial judge failed to admonish under art. 26.13(a)(4). Because the record did not establish Morales' citizenship,

the Court of Appeals reversed, 838 S.W.2d 272, 276 (Tex.App.—El Paso 1992), and we affirmed. 872 S.W.2d 753. Both opinions were reached through the standard method of statutory interpretation, i.e., relying on the literal text of the statute. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr.App.1991).

### II.

Art. 26.13(c) provides that substantial compliance is sufficient unless the defendant shows that he was not aware of the consequences of his plea and that he was mislead or *harmed* by the admonishment of the court.[1] In the instant case, the Court of Appeals held subsection (c) applied when the record affirmatively proves the defendant is a United States citizen. *Cain*, 893 S.W.2d at 681. This holding conflicts with *Morales* in which we held there can not be substantial compliance where there is *no* compliance. This holding was dictated by precedent. *See, Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex. Cr.App.1980); *Ex parte Cervantes*, 762 S.W.2d 577, 578 (Tex.Cr.App.1988); *and, Hughes v. State*, 833 S.W.2d 137, 140.[2] To find substantial compliance in cases where there had been a total failure to admonish would stand *Boykin* on its head. Therefore, I would hold the Court of Appeals erred in finding substantial compliance when the trial judge wholly failed to admonish appellant under subsection (a)(4). However, this conclusion does not necessarily mean appellant is entitled to relief.

### III.

This Court recognizes an exception to *Boykin*'s literal text method of statutory interpretation. The exception applies when the statute's plain language would lead to an absurd result which the Legislature could not possibly have intended. *Id.* This exception comes into play in the instant case because here, unlike Morales where the record as to citizenship was silent, the record shows that

---

1. Art. 26.13(c) provides:
   In admonishing the defendant as herein provided, substantial compliance by the court is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

2. The holding rule announced in *Morales* has been reaffirmed by this Court in *Ex parte Tovar*, 901 S.W.2d 484, 485 (Tex.Cr.App.1995), and *Ex parte Akhtab*, 901 S.W.2d 488, 489, n. 3 (Tex.Cr. App.1995).

appellant was born in Texas. *Cain,* 893 S.W.2d at 685. Appellant is, therefore, a non-deportable citizen of the United States. Under these circumstances, an interpretation requiring reversal of a conviction because the defendant did not receive an admonishment that was totally inapplicable to him and could not have affected his plea of guilty would lead to an absurd result.[3] Consequently, the Court of Appeals' conclusion that appellant was not entitled to relief was correct, albeit for a different reason.

### IV.

Our holdings in *Cervantes, Morales* and the instant case may be harmonized as follows: when a trial judge fails to admonish a defendant pursuant to art. 26.13(a)(4) reversal is required if the defendant is not a United States citizen, *Cervantes;* or, if the defendant's citizenship is unknown, *Morales;* but, an affirmance is in order if the record affirmatively establishes the defendant is a United States citizen. Another construction of art. 26.13 would either reject the literal text of the statute or lead to an absurd result. Moreover, under this construction, there is no need to overrule established precedent.

With these comments, I join only the judgment of the Court.

PRICE, J., joins this opinion.

MANSFIELD, Judge, concurring.

Texas Code of Criminal Procedure, Article 26.13(a) provides that prior to accepting a plea of guilty or a plea of *nolo contendere,* the court shall admonish the defendant of:

"(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or *nolo contendere* for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."

The record—to be specific, State's Exhibit 1, appellant's penitentiary packet—established appellant was a United States citizen, born in Parker County, Texas. It is thus beyond dispute that appellant is a United States citizen and cannot be deported for any reason unless he affirmatively renounces his citizenship.

In *Morales v. State,* 872 S.W.2d 753 (Tex. Crim.App.1994), we held that failure to give the article 26.13(a)(4) admonishment was reversible error, even without a showing of harm. There was nothing in the record indicating appellant's citizenship in *Morales;* therefore, *Morales* is distinguishable from the present case where the record clearly establishes appellant is a United States citizen. It is reasonable to conclude the Legislature intended, in enacting article 26.13(a)(4), that defendants pleading guilty or *nolo contendere* would not have to litigate the issue of citizenship. *Morales, supra,* at 755. Therefore, any defendant pleading guilty or *nolo contendere* must be given the admonishment where the record is silent as to citizenship as well as, of course, where the record indicates the defendant is not a United States citizen.

Yet, it seems obvious to me the Legislature could not have possibly intended for us—or any other appellate court in Texas—to reverse the conviction of a defendant who pled guilty or *nolo contendere* for failure by the trial court to give the article 26.13(a)(4) admonishment where there is no doubt the record affirmatively establishes the defendant is a Untied States citizen. The sole purpose of the 26.13(a)(4) admonishment—to inform the non-U.S. citizen defendant that pleading guilty or *nolo contendere* may result in deportation or other adverse consequences under federal immigration law—is legally irrelevant with respect to a defendant who is a United States citizen. Therefore, interpreting the plain language of § 26.13(a)(4) of the admonishment statute to mandate automatic reversal of a conviction for failing to give it to appellant—a United States citizen to whom it

**3.** In *Morales,* the concurrence stated:
    Clearly, American citizens are not subject to deportation as a result of criminal conviction and cannot, therefore, be influenced by the possibility of immigration difficulties when de-

ciding whether to plead guilty to a criminal offense.
*Id.,* 872 S.W.2d at 755 ( Clinton, Overstreet, Maloney and MEYERS, JJ., concurring).

is legally inapplicable—would lead to an absurd result. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Accordingly, the error—failing to give the article 26.13(a)(4) admonishment—in the present case was harmless beyond a reasonable doubt. Tex.R.App.Proc. 81(b)(2).

With these comments, I join the opinion of the Court.

OVERSTREET, Judge, concurring and dissenting.

I write separately because the majority does not *clearly and fully* address the issue for review and misrepresents this Court's opinion in *Matchett v. State*, 941 S.W.2d 922, (Tex.Cr.App.1996) (plurality opinion).

## I.

Appellant contends that "the court of appeals erred in failing to find that the trial court harmfully erred in failing to admonish the appellant upon his guilty plea as required by [Art. 26.13(a)(4)], rendering said plea of guilty illegal and involuntary." Article 26.13(a)(4), V.A.C.C.P., provides that the trial court shall admonish a defendant prior to accepting a plea of guilty or a plea of nolo contendere of the "fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."

To resolve this issue we must first determine whether the appellant was admonished as required by the statute. The court of appeals in its analysis considered whether there was substantial compliance pursuant to Art. 26.13(c). Article 26.13(c) provides that in *admonishing* the defendant as required by the statute, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." In this case it is undisputed that there was no admonishment regarding deportation of a non-citizen as required by Art. 26.13(a)(4). We have held that there cannot be substantial compliance where the trial court wholly failed to give the admonishment. *Morales v. State*, 872 S.W.2d 753 (Tex.Cr. App.1994) and *Matchett, supra.*

The court of appeals erred in so much as it determined that there was substantial compliance with the statute. A reviewing court must review each admonishment separately in determining whether there is complete compliance, substantial compliance, or no compliance.

In order for there to be substantial compliance and for Art. 26.13(c) to be implicated, it is necessary for the admonishing court to have at least addressed the admonishment in some form or fashion; otherwise there is no compliance. Thus, the court of appeals also erred in conducting a substantial compliance analysis under Art. 26.13(c).

Since a substantial compliance determination is not implicated, a harm analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure is appropriate in ascertaining the effect of the trial court's complete failure to give the admonishment concerning deportation. *Matchett, supra.* Rule 81(b)(2) provides that "if the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, *unless* the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." [emphasis added] In the instant case, the record reveals that the trial court committed error by failing to admonish appellant regarding deportation of a non-citizen.

In order to determine if the error contributed to the conviction or the punishment, we must look to the record. The record in this case reveals that appellant is a United States citizen and is therefore not subject to deportation. As such, it can be determined beyond a reasonable doubt that the error made no contribution to the conviction or the punishment because the admonishment is immaterial to appellant. Upon this finding, it is concluded that appellant suffered no harm as a result of the trial court's complete failure to admonish on the deportation of a non-citizen. Consequently, the trial court's error in failing to admonish could not have affected the le-

gality or voluntariness of appellant's plea of guilty.

The court of appeals was correct in its determination in so much as it held that the Art. 26.13(c)(4) admonishment was immaterial to appellant, a United States citizen. However, the court of appeals was wrong in its reasoning. The language, "[t]herefore, we hold that the substantial compliance provision of Article 26.13(c) can apply when the record affirmatively proves a defendant is a United States citizen, but the trial court fails to admonish the defendant about the immigration consequences of his guilty plea under [A]rticle 26.13(c)(4)[,]" *Cain v. State*, 893 S.W.2d 681, 685 (Tex.App.—Fort Worth 1995), should be completely disavowed.

## II.

The lead opinion misrepresents *Matchett* when it states that "this Court has opined that *all* errors, including a failure to admonish under Article 26.13(a)(4), are subject to the harmless error standard found in Texas Rule of Appellate Procedure 81(b)(2)." [emphasis in original] *Cain*, at 264. Having authored the *Matchett* opinion I can confidently assert that we did not hold that "all" errors were subject to the harmless error standard in Rule 81(b)(2). Instead, we held that certain types of errors are not foreclosed to the application of the 81(b)(2) harm analysis and that harm is presumed in those instances "[w]here the effects of a particular error are not discernable with reasonable certainty ..." *Matchett v. State*, 941 S.W.2d at 929. This reasoning came in response to Matchett's argument that a failure to admonish resulted in reversible error without even considering harm. Also, the factor of the record containing evidence of citizenship as opposed to the record in *Morales* not containing evidence of citizenship militated toward a meaningful harm analysis and thus the application of 81(b)(2).

## III.

The final flaw in the majority's opinion is the assertion that "*Marin, Morales, Whitten,* and any other decision [that] conflicts" with the opinion "are overruled." *Cain*, at 264. Such a statement is too encompassing. In my opinion, appellate courts should view *Marin, Morales,* and *Whitten* as good law in conjunction with the body of cases that follow and, as we held in *Matchett*, should review cases on a case-by-case basis and distinguish them when necessary to dispose of the issue presented. *Matchett, supra.*

## IV.

In conclusion, I concur in the result reached by the majority and the court of appeals, but I respectfully dissent to the majority's misrepresentation of *Matchett* and the majority's decision to overrule *Marin, Morales,* and *Whitten.*