Bennie Earl Roberts v. State (12-94-00205-CR).wpd



NO. 12-94-00205-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BENNIE EARL ROBERTS,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

________________________________________________________________________

OPINION ON REMAND


 On original submission to this court, we addressed the appeal of Appellant, Bennie Earl
Roberts, for his conviction of delivery of a controlled substance. A jury had found Appellant guilty
of the offense, and the trial court had assessed Appellant's punishment at thirty years' confinement
in Texas Department of Criminal Justice, Institutional Division. Appellant raised seventeen points
of error, the first of which was his contention that the trial court committed reversible error by
conducting a jury shuffle after voir dire had commenced. We concluded that the trial court erred
shuffling the jury after voir dire. We further concluded that such error was reversible, but did so
without conducting a harm analysis since earlier precedent suggested that jury shuffle error itself was
harmful. Based upon these conclusions, we reversed and remanded the conviction for a new trial.

 On the State's petition for discretionary review, the Court of Criminal Appeals first noted that
at the time of our decision, we did not have the benefit of the Court's opinion in Cain v. State, 947
S.W.2d 262 (Tex. Cr. App. 1997). In that opinion, the Court stated the following:


 Except for certain federal constitutional errors labeled by the United States Supreme Court as
'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory
requirement, is categorically immune to a harmless error analysis. Of course, where the error involved
defies analysis by harmless error standards or the data is insufficient to conduct a meaningful
harmless error analysis, then the error will not be proven harmless beyond a reasonable doubt under
[former] Rule 81(b)(2) [now Rule 44.2].


Cain, 947 S.W.2d at 264 (footnote omitted and emphasis added).

 The Court then vacated our judgment and remanded the appeal to us for consideration of
whether, in light of Cain and Tex. R. App. P. 44.2, the jury shuffle error could be analyzed in terms
of harm and, if so, whether harm occurred. We have reexamined the case, and determine that the
error involved defies analysis under the present harmless error standards; therefore, we will reverse
and remand for a new trial.


The Facts


 For purposes of clarity we will again review the pertinent portions of the record. The record
reflects that the jury panel was sworn, and the State completed its questioning of the panel. During
the voir dire conducted by defense counsel, the trial court briefly recessed the panel and conducted
a conference with the attorneys. The following exchange occurred between the judge, the court staff
and the attorneys:


COURT: This list was not prepared for a drawing. It's all right, but we need to, we
need to -- get the, the shuffle, rather than drawing (Inaudible) -- it was
actually be made against the list unless y'all want to accept this.


CLERK: I can put them on here just like that unless you want a shuffle.


COURT: They needed to be shuffled. I'd say shuffle them unless you--


DEFENSE COUNSEL: Let me think about it about 30 second (sic), Your Honor.


COURT: I can understand if you want to, we can make it without any inconvenience
that's not, that's beside the point, the selections are more important than
that.


STATE: No problem. No problem.



At this point, the court was interrupted with a matter concerning an individual juror, and then
reassembled the panel for questioning. Before questioning resumed, defense counsel asked for a
bench conference. During the bench conference, the court and defense counsel discussed the jury
shuffle, and stated the following:


DEFENSE COUNSEL: Judge, if it would -- it might save some time if we, if we, if we
went forward. It seems to me on behalf of the Defendant that the
shuffle should have already been made --


COURT: It's going to be made. It's in the process.


DEFENSE COUNSEL: But it should have been made before the voir dire and it -- part
of the voir dire focuses on the sitting of the person, and the --
what we've got is a panel that wasn't, you know, we didn't go
strictly by the Rule in the seating order.


COURT: I don't know of any rule that says when you can shuffle. It says
you may before the selection.


DEFENSE COUNSEL: My understanding is is that on behalf of the Defendant that we
would object to the shuffle because the shuffle should have been
-- it should have been shuffled, but it should have all ready [sic]
occurred.


The trial court then overruled Appellant's objection. 

 At the conclusion of voir dire, Appellant offered Defendant's Exhibit Number 1, which was
a copy of the list of jurors that had been furnished by the clerk of the court, and reflected the original
order of the jurors. The trial court admitted the exhibit. Defense counsel then lodged the following
objection:


DEFENSE COUNSEL: Then on behalf of the Defendant we would object that the jury
was not called and seated in the order by which the voir dire, by
which the Defendant was required to exercise his strikes and that
the Defendant was required to exercise his strikes with a jury list
different in order than the way the jury was seated in the Voir
Dire Examination.


STATE: Your Honor, could I say one more thing regarding that matter? 
I believe that if my old memory serves me correctly [defense
counsel] is the one that asked for the shuffle and so anything he's
gripping [sic] about there is just his own cup of tea.


COURT: The court shuffled the jury list only after it was requested,
period. And that was after this jury has been seated according to
the, to the list which the Clerk firmly stressed as the jury, as the
jury was, I presume the list in which the jury was first seated was
the list that was prepared by the jury commission or however the
jury panel was first selected, and the Court order [sic] the shuffle
and it was done after and upon the first request that the jury, that
the Court had to reshuffle, to make a shuffle and to draw a list.


STATE: Your Honor, would the record reflect that the State and the defense both
struck off the same list. Not the same list, but -- 


COURT: Yes, sir. Yes, sir.


DEFENSE COUNSEL: Judge, for the record it is my recollection that I objected on
behalf of the Defendant to shuffle, the Court did it anyway on the
Court's own motion.


COURT: That is, if that is the case and there was no request for the Court to
shuffle, the court did it anyway on the Court's own motion the first time
it was brought to the Court's attention. Do I have, do I have the list of the
State and the Defendant?


CLERK: Judge, I am doing the list now. (emphasis added).



The court then overruled Appellant's objection to the jury panel.

 The issue was raised again in Appellant's motion for new trial. Appellant claimed that the
jury shuffle was made after Appellant's voir dire of the jury panel, without his request and over his
objection. At the hearing on the motion, the State acknowledged that the shuffle occurred after the
conclusion of voir dire, but stated that it was done upon the request of Appellant. The State claimed,
without supporting authority, that the shuffle was within the discretion of the trial court and did not
constitute harm because only two jurors were moved from the back of the panel to the front. 
Appellant's motion for new trial was overruled.

 In its opinion, the Court of Criminal Appeals by implication agreed that the shuffling
procedure implemented by the court was erroneous, and that the only determination left was whether
the error was reversible. We will first address the applicable standard by which to review the error.


The Appellate Rules


 Rule 44.2 of the Texas Rules of Appellate Procedure governs the determination of whether
error requires a new trial. Rule 44.2(a) amends former Rule 81(b)(2) to limit its standard of review
to constitutional errors, and provides as follows:


 (a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is
subject to harmless error review, the court of appeals must reverse a judgment of conviction or
punishment unless the court determines beyond a reasonable doubt that the error did not contribute
to the conviction or punishment.



 Section (b) of Rule 44.2 is new and is taken from Federal Rule of Criminal Procedure 52(a),
without substantive change (1)
. It provides the following:


 (b) Other Errors. Any other error, defect, irregularity, or variance that does not affect substantial
rights must be disregarded. 


 Several cases have observed that a party's rights regarding a jury shuffle are statutory in
nature, rather than constitutionally mandated. See Yanez v. State, 677 S.W.2d 62, 68 (Tex. Cr. App.
1984). See, e.g., Ford v. State, No. 02-97-00174-CR, slip op. at 2, 1998 WL 574786, at *2 (Tex.
App. - Fort Worth September 10, 1998, pet. pending) (right to a jury shuffle is "purely a creation of
the legislature"). Consequently, Rule 44.2(b) would be the applicable standard for determining
whether the error requires a new trial. We must therefore decide whether the erroneous jury shuffle
affected Appellant's substantial rights.


Did the Error Affect Appellant's Substantial Rights?


 The Court of Criminal Appeals has stated that a defendant's "substantial rights" are affected
when "the error had a substantial and injurious effect or influence in determining the jury's verdict." 
King v. State, 953 S.W.2d 266, 270-71 (Tex. Cr. App. 1997). However, it is difficult, if not
impossible, to determine whether the error had a substantial effect on the jury's verdict when the
error involves the composition of the jury itself. In Ford, supra, the Fort Worth court made the
following observation regarding the erroneous denial of the defendant's request to shuffle:


 Determining whether an error had a substantial and injurious effect on a verdict is normally a difficult
task for a reviewing court, but when, as here, the error concerns the formation of the jury itself, as
opposed to error occurring in the presence of the jury, it is next to impossible to measure the harm
from the face of the record...The difficulty of conducting a harm analysis on this kind of error is the
reason the Court of Criminal Appeals held '[i]t is automatic reversible error for the trial court to refuse
a timely urged motion by the accused or his counsel to shuffle the names of the members of the jury
panel.' Yanez, 677 S.W.2d at 69.


Ford, No. 02-97-00174-CR, slip op. at 2, 1998 WL 574786, at *2. 

 In the present case, the erroneous shuffle resulted in the selection of a jury that may not have
been adequately questioned during voir dire. Members which were seated near the back during
questioning were shuffled into the strike zone. Appellant subsequently exercised one of his strikes
to eliminate a venireman that had been shuffled forward. However, Appellant cannot realistically
point to specific portions of the record to show that he was harmed by this untimely shuffle, nor can
the State show a lack of harm based upon the same facts. Based upon the relatively unusual facts
of this particular case, we conclude that the error committed by the trial court defies analysis by
harmless error standards, and thus cannot be proven harmless beyond a reasonable doubt under Rule
44.2.

 The judgment of the trial court is reversed and remanded for new trial.




 ROBY HADDEN 

 Justice



Opinion delivered February 26, 1999.

Panel consisted of Ramey, Jr., C.J., Hadden, J., and Worthen, J.


























(PUBLISH)
1. Rule 52 provides:


(a) Harmless error.--Any error, defect, irregularity or variance which does not affect substantial rights shall be
disregarded. 


(b) Plain Error.--Plain errors or defects affecting substantial rights may be noticed although they were not brought to
the attention of the court. 


Fed. R. Crim. P. 52.