**George MOFF, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0458–03.**

Court of Criminal Appeals of Texas.

Jan. 26, 2005.

Michael H. Hummell, Corpus Christi, for Appellant.

Jeffrey Van Horn, First Asst. State Atty., Matthew Paul, State's Atty., Austin, for State.

KELLER, P.J., filed an opinion dissenting to the denial of the State's motion for rehearing in which HERVEY, J., joined.

On original submission, we held that the trial court did not err in quashing Moff's indictment before trial. We then said that, because there had been no trial, a harm analysis was unnecessary. This was a curious statement and—despite the fact that I voted for it the first time around—incorrect. The reason a harm analysis was unnecessary is that there was no error.

The statement was also confusing and contrary to our general rule that, except for federal constitutional errors the Supreme Court has labeled "structural," no error is categorically immune from a harm analysis.[1]

I would reissue the opinion without the erroneous statement, and save appellate judges and practitioners the trouble of trying to figure out what we meant.

---

1. *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim.App. 1997).