IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0024-04






THE STATE OF TEXAS



v.



ANGEL AGUILERA, Appellee





ON DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY






 Womack, J., filed a concurring opinion.



 As the dissenting opinion says, the trial court erred. What should we do next?

 "Except for certain federal constitutional error labeled by the United States Supreme
Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any
other mandatory requirement, is categorically immune to a harmless error analysis." (1) The
applicable standard for the analysis is that of Rule of Appellate Procedure 44.2(b): "Any [non-constitutional] error, defect, irregularity, or variance that does not affect substantial rights must
be disregarded.' A substantial right is affected when the error had a substantial and injurious
effect or influence in determining a verdict. (2)

 Without error, the trial court could have granted the appellant a new trial, received his
plea of guilty, and assessed the same punishment. Therefore, it seems to me, the error did not
affect a substantial right and must be disregarded.

 I concur in the judgment of the Court.


En banc.

Delivered June 22, 2005.

Publish.
1. Cain v. State, 947 S.W.2d 262, 264 (Tex. Cr. App. 1997).
2. See, e.g., King v. State, 953 S.W.2d 266, 271 (Tex. Cr. App. 1997).