IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                                NO.
AP-74,824



 

 

                               EX
PARTE ALAN LYNN RICHARDSON, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE No. 25177 FROM THE 13th DISTRICT
COURT

                                                           NAVARRO COUNTY



 

 

Johnson, J., filed a concurring opinion.

 

                                   C
O N C U R R I N G   O P I N I O N

 








When
faced with claims that assert harm from constitutional violations, this Court
frequently cites its decision in Cain v. State, 947 S.W.2d 262 (Tex.
Crim. App 1997), for the proposition that only errors that the United States
Supreme Court has designated as Astructural@ are immune to harm
analysis.[1]  In my view,
the term Astructural@ has become as magic word. 
Errors called Afundamental,@ Ainfecting the entire process,@ Abasic,@
and other synonyms for the meaning assigned by the Supreme Court to the word Astructural,@ are dismissed because the
Supreme Court did not use the magic word to describe a particular error.  Such
treatment elevates form over substance.  The proper analysis is to examine the
effect of the alleged error on the trial process, just as the Supreme Court did
in Fulminante.  

After
listing specific errors that are not subject to harm analysis, the Court set
out the basis for finding that the listed errors were Astructural@;
AEach of these
constitutional deprivations is a similar structural defect affecting the
framework within which the trial proceeds, rather than simply an error in the
trial process itself.@[2] 
Fulminante at 310.  While Astructural@may be a useful shorthand
for such an defect, it is illogical to assume that the four justices who were
on the Court at the time of Fulminante, the five justices who have
joined the Court since then, and all future judges will use that word as a term
of art, continue to use it, or even use it again to describe such a defect in
the trial process.  We should adopt as our standard for Adefects in the constitution of the trial
mechanism, which defy analysis by >harmless-error= standards,@ the true standard of Fulminante:
a defect affecting the framework within which the trial proceeds, rather than
simply an error in the trial process itself.

I
concur only in the judgment of the Court.

 

Filed:
September 13, 2006

Publish









[1] Arizona v. Fulminante, 499
U.S. 279 (1991).





[2] "Without these basic
protections, a criminal trial cannot reliably serve its function as a vehicle
for determination of guilt or innocence, and no criminal punishment may be
regarded as fundamentally fair."   Fulminante at 310, quoting Rose
v. Clark, 478 U.S. 570, 577-78(1986)(citation omitted).