IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0056-11






AARON SOMERS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BRAZOS COUNTY





 Meyers, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 I agree with the majority that EMIT tests are reliable without a confirmation test,
but do not believe that the analysis was necessary in this case. Here, there was no
evidence that the victim, Michelle Briggs, died of a heart attack. The trial court was
within its discretion to exclude the EMIT test results because the relevance of the results
is questionable. What the Appellant is attempting to do is show that the cocaine test
indicates that the victim died of a heart attack. At best, the test could only show that the
cocaine may have caused a heart attack. But there is absolutely no evidence in the record
reflecting that the victim suffered a heart attack before the collision. Allowing the
evidence would be like admitting ballistic test results when the facts indicate that the
victim was stabbed to death. Thus, the trial court did not abuse its discretion. 

 The majority should have conducted a harm analysis. As Presiding Judge Keller
stated in Cain v. State: "Except for certain federal constitutional errors labeled by the
United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction,
voluntariness of a plea, or any other mandatory requirement, is categorically immune to a
harmless error analysis." 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). The majority
failed to consider the harm caused by the exclusion of the test results.

 Even if the Court deems the EMIT test to be relevant here, the error was harmless.
Although the results of EMIT tests may be admissible without a confirmation test, the
evidence here did not indicate that the victim died of a heart attack. It is unlikely that a
harm analysis would show that Appellant was harmed by the exclusion of the EMIT test.
Therefore, I would affirm the holding of the court of appeals. 

 

 Meyers, J.

Filed: June 6, 2012

Publish