

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0056-11

---

**AARON SOMERS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS BRAZOS COUNTY

---

**MEYERS, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

I agree with the majority that EMIT tests are reliable without a confirmation test, but do not believe that the analysis was necessary in this case. Here, there was no evidence that the victim, Michelle Briggs, died of a heart attack. The trial court was within its discretion to exclude the EMIT test results because the relevance of the results is questionable. What the Appellant is attempting to do is show that the cocaine test indicates that the victim died of a heart attack. At best, the test could only show that the

cocaine may have caused a heart attack. But there is absolutely no evidence in the record reflecting that the victim suffered a heart attack before the collision. Allowing the evidence would be like admitting ballistic test results when the facts indicate that the victim was stabbed to death. Thus, the trial court did not abuse its discretion.

The majority should have conducted a harm analysis. As Presiding Judge Keller stated in *Cain v. State*: "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). The majority failed to consider the harm caused by the exclusion of the test results.

Even if the Court deems the EMIT test to be relevant here, the error was harmless. Although the results of EMIT tests may be admissible without a confirmation test, the evidence here did not indicate that the victim died of a heart attack. It is unlikely that a harm analysis would show that Appellant was harmed by the exclusion of the EMIT test. Therefore, I would affirm the holding of the court of appeals.

Meyers, J.

Filed: June 6, 2012

Publish