**Opinion filed July 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00202-CR
_____

## ADAM GIBBINS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court**
**Eastland County, Texas**
**Trial Court Cause No. 12-456**

## M E M O R A N D U M   O P I N I O N

The jury convicted Adam Gibbins of driving while intoxicated. The trial court assessed his punishment at confinement for one hundred and eighty days in jail and a $1,500 fine. The trial court suspended the confinement portion of Appellant's sentence and placed him on community supervision for a term of eighteen months. Appellant filed a timely notice of appeal and has raised two issues for us to review on appeal. We affirm.

On the date of the offense, Eastland County Deputy Sherriff Ben Yarbrough returned home from work about 5:30 in the evening. Shortly after he got home, he heard "[a] lot of tires screeching, going around corners, and engine racing." He then heard a thud, "like someone had hit a hollow tree." Then, he heard an "engine racing and a bunch of tires squealing"; he could tell a vehicle was stuck and eventually broke free.

Deputy Yarbrough, still in uniform, started to get into his patrol car to go see what was happening. As he was getting into his patrol car, he heard a car—turned out to be a Ford Mustang—that was being driven down the street in a reckless and unsafe manner. Deputy Yarbrough went to look for, and in less than ten minutes actually located, the Mustang. When Deputy Yarbrough found the Mustang, the driver was driving it out of a driveway. When the driver saw Deputy Yarbrough, he quickly backed back up into the driveway. At this time, Deputy Yarbrough saw the passenger run from the car and disappear. He saw the driver, Appellant, step out of the Mustang and duck behind it; he was hiding from Deputy Yarbrough. The first thing that Appellant said to Deputy Yarbrough was, "I'll pay for the fence."

Appellant showed signs of intoxication, smelled of stale beer and alcohol, and Deputy Yarbrough placed him in custody and called Rising Star Police Chief William Kelcy for assistance. After Chief Kelcy arrived, he conducted field sobriety tests on Appellant and he also administered a portable breath test. After Chief Kelcy completed the tests, he wrote Appellant tickets for reckless driving, leaving the scene of an accident, and for "drug paraphernalia." He then placed Appellant under arrest.

While Appellant and Chief Kelcy were in the patrol car on the way to jail, Chief Kelcy asked Appellant whether he would take a breath or blood test. The record is unclear as to whether Chief Kelcy asked Appellant to complete both or only one of these tests. Chief Kelcy testified that Appellant refused the test or tests, and he took Appellant to jail. We cannot tell from the record whether Chief Kelcy

2

made Appellant aware of the consequences of refusal. However, it is clear that Appellant did not sign a written refusal that contained the statutory warnings for the consequences of refusal. At trial, Chief Kelcy testified, without objection, to Appellant's refusal. Further, Chief Kelcy testified that one reason he did not have Appellant fill out the refusal paperwork was because the intoxilyzer at the jail was broken at the time.

Appellant brings forth two issues on appeal. Both of the issues are based on claimed error in the admission of evidence that Appellant refused the breath test and that Chief Kelcy was aware that the intoxilyzer was not working. In Appellant's first issue, he argues that the trial court committed fundamental error when it admitted Appellant's refusal because it prejudiced Appellant's case to the extent it denied him a fair trial. In Appellant's second issue, he argues that the State should have to lay an additional predicate—the intoxilyzer was in working condition—before a refusal is admissible. Since these issues are largely related, we will address them together.

Appellant complains that when the trial court admitted Appellant's refusal it fundamentally prejudiced his right to a fair trial, because the evidence showed that the intoxilyzer was inoperable at the time. Appellant did not object to Deputy Yarbrough's testimony either time that he discussed Appellant's refusal. Further, Appellant cites no case authority which directly relates to this issue, but simply argues that his fundamental rights were violated.

In *Marin v. State*, the Court discussed various types of rights of a defendant. *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997) (en banc), *abrogated by Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996). The *Marin* Court discussed three categories of rights: "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly

waived; and (3) rights of litigants which are to be implemented upon request." *Id.* at 279. The *Marin* Court found that the only rights that a defendant must object to at trial are those that are to be implemented on request. *Id.* However, since *Marin*, the Texas Court of Criminal Appeals has held that rights classified as "waivable only" require objection at trial. *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). Consequently, the only time that a defendant is not required to object in order to preserve error is when the right implicated is one that concerns absolute requirements and prohibitions. *Id.*

The admissibility of evidence does not rise to the level of absolute requirements and prohibitions. *Id.* The Court of Criminal Appeals has held "that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence." *Id.* In *Saldano*, the Court discussed the different classifications of rights as set forth in *Marin*. *Id.* The defendant in *Saldano* did not object to testimony that concerned his rights under the Equal Protection Clause. *Id.* The court held that a defendant must object to testimony offered, and the failure to do so "prevents his raising on appeal a[n] [Equal Protection Claim]." *Id.* Appellant's issues in this case concern the admission of evidence to which he did not object. Accordingly, Appellant's issues are not such that present fundamental error and did not deny Appellant his right to a fair trial. *Id.* Rather, his failure to object "forfeits complaints about the admissibility of evidence," as well as complaints about the lack of a predicate for the admission of evidence regarding Appellant's refusal to submit to an intoxilyzer *Id.*

The admission of testimony concerning Appellant's refusal to take a breath or blood test, despite the fact the intoxilyzer was broken, is not fundamental error and did not deprive Appellant of a fair trial. Appellant has waived any complaint by his failure to object to the testimony in the trial court. Appellant's first and second issues on appeal are overruled.

We affirm the judgment of the trial court.

JIM R.  WRIGHT

CHIEF JUSTICE

July 30, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., McCall, J.[1]

Bailey, J., not participating.

---

[1] Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.