

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-18-00010-CR

_____

WANDA KAY COLEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 45,831-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

When Wanda Kay Coleman and her son went to the Home Depot in Longview to buy lumber, they left Coleman's three-year-old grandson unattended in their pickup truck. About thirty minutes later, the child exited the vehicle and was walking in the parking lot when an adult saw the child and accompanied him inside the Home Depot. After Coleman and her son completed their purchase, they returned to their vehicle, loaded the lumber, and drove away, without the child. About fifty minutes later, Coleman's son telephoned Home Depot to inquire whether the child was there. Consequently, Coleman was charged with two counts of child abandonment[1] and two counts of child endangerment.[2] Coleman entered an open plea of guilty to one count of child endangerment and was sentenced to fifteen months' confinement in state jail.

In her appeal, Coleman complains that her guilty plea was made without knowledge and involuntarily, in violation of her right to due process of law under the Fourteenth Amendment.[3] *See* U.S. CONST. amend. XIV, § 1. To preserve a complaint for our review, a party must first

---

[1]*See* TEX. PENAL CODE ANN. § 22.041(b) (West 2011).

[2]*See* TEX. PENAL CODE ANN. § 22.041(c) (West 2011).

[3]Although Coleman purports to assert five issues on appeal, as acknowledged in her brief, her enumerated issues one through four consist of arguments supporting the single issue of the involuntariness of her guilty plea. First, Coleman argues that there may have been defenses available to her. However, Coleman does not point to any evidence in the record showing that her trial counsel failed to inform her of possible defenses before she entered her plea. Coleman also points to her trial counsel's statement made in his final argument at the punishment phase of the trial, which occurred over one month after the guilt/innocence phase, that under the statute, his client was guilty. Coleman argues that this is analogous to the facts in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018). In *McCoy*, trial counsel, over the defendant's objections, admitted the defendant's guilt in three murders at the *guilt/innocence* phase of the trial. *Id.* at 1506. The United States Supreme Court reversed McCoy's conviction, holding that the decision of whether to plead guilty is reserved to the defendant alone under the Sixth Amendment, and his attorney may not override the defendant's expressed desire to maintain innocence. *Id.* at 1508–09, 1512. In this case, it was Coleman, not her attorney, who pled guilty at the guilt/innocence phase, and Coleman did not maintain her innocence in the trial court at any time during or after the trial. Therefore, *McCoy* is not applicable to the facts of this case. Finally, in her fifth enumerated issue, Coleman argues that she has not waived her complaint that her plea was involuntary.

present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling, if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Generally, due process complaints must also be preserved for appeal. *Shipp v. State*, 292 S.W.3d 251, 261 (Tex. App.—Texarkana 2009, no pet.). In this case, no complaint was made to the trial court, either during trial or post-trial, that Coleman's plea was made without knowledge or that it was involuntary.

Nevertheless, Coleman argues that she may bring her complaint for the first time on appeal because it is of constitutional dimension and there was structural error. Although an involuntary plea does impact a defendant's constitutional rights, the Texas Court of Criminal Appeals has consistently held that "[e]xcept for complaints involving fundamental constitutional systemic requirements . . . all other complaints based on a violation of both constitutional and statutory rights are waived by failure to comply with Rule 33.1." *Mendez v. State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004) (quoting *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999)). Errors involving fundamental constitutional systemic requirements, also known as structural errors, "are those which defy analysis by harmless error standards." *Id.* (citing *Manley v. State*, 23 S.W.3d 172, 175 (Tex. App.—Waco 2000, pet. ref'd) (citing *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991))). Since errors involving the voluntariness of a plea do not defy harm analysis, they

3

are not structural errors. *Id.* (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). Therefore, Coleman was required to preserve her complaint in the trial court.[4]

Since Coleman failed to assert her complaint in the trial court, she has not preserved this complaint for our review. *See Shipp*, 292 S.W.3d at 261. We overrule Coleman's point of error.

For the reasons stated, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     July 27, 2018
Date Decided:      August 1, 2018

Do Not Publish

---

[4]Coleman also argues that the structural error found in *McCoy* saves her complaint. However, as we previously noted, *McCoy* is not applicable to this case.