

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0527-18

### JAMES ALLAN BURG, II, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### MONTGOMERY COUNTY

**KEASLER, J., filed a concurring opinion in which KELLER, P.J., and YEARY, J., joined.**

### CONCURRING OPINION

To say that a claim of error resides in *Marin*'s third category of forfeitable events is simply to say that the claim is subject to procedural default.[1]  Today the Court says that an appellant's claim that the sentencing judge unlawfully suspended his driver's license is subject to procedural default.  Nevertheless, the Court curiously holds that the appellant's

---

[1] *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

claim "does not fit neatly into one of *Marin*'s three categories."[2]  The Court thus assigns the appellant's claim to *Marin*'s third category for all practical purposes, but refuses, for whatever reason, to couch its conclusion in *Marin*'s lexicon.

This approach needlessly confuses our jurisprudence.  We recently observed that "our pre-*Marin* error-preservation jurisprudence was . . . little more than a series of piecemeal developments, each with somewhat different rationales."[3]  That is why we have consistently lauded *Marin* as a "watershed decision in the law of error-preservation"—because it "suggested a framework for a set of unifying procedural-default principles that was sorely needed."[4]  If we hold that there are some claims to which this framework does not even apply, we will strike a serious blow to the analytical stability that *Marin* has fostered.

Going forward, reviewing courts faced with a novel procedural-default issue will evidently have to decide as a threshold matter whether our *Marin* jurisprudence applies at all—that is, whether the appellant's claim "fit[s]" the *Marin* framework.[5]  How is this decision to be made?  Today's opinion does not say, other than to mention that driving a

---

[2]  Majority Opinion at 9.

[3]  *Proenza v. State*, 541 S.W.3d 786, 794 (Tex. Crim. App. 2017) (some internal quotation marks omitted) (quoting *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002)).

[4]  *Id.* (internal quotation marks, brackets, and ellipses omitted) (quoting *Saldano*, 70 S.W.3d at 888).

[5]  Majority Opinion at 7–8, 9.

motor vehicle is a "privilege not a right."[6]  And if the claim "does not fit neatly into one of

*Marin*'s three categories," the reviewing court must then go on to decide the procedural-

default issue without reference to *Marin* or its progeny.  How should the reviewing court go

about this task?  Here again we are not told.  Reviewing courts will simply have to answer

those questions as best they can, on a case-by-case basis.  But that is the definition of a

piecemeal jurisprudence, the same "regrettabl[e]" system that *Marin* displaced.[7]

I agree with the Court's holding that, because the appellant in this case did not object

when the trial judge purported to suspend his driver's license, he has forfeited his ability to

complain about that action on appeal.  I even agree, for the most part, with the Court's

rationale in arriving at that conclusion.  But I disagree with the Court's gratuitous

undermining of *Marin*.  For that reason, I can only concur in the Court's judgment.

Filed: January 29, 2020

Publish

---

[6]  *Id.* at 9.

[7]  *Proenza*, 541 S.W.3d at 794 (citations omitted).