

# NUMBER 13-20-00280-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ELIJAH TATES,**                                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                   **Appellee.**

## On appeal from the 85th District Court
## of Brazos County, Texas.

# ORDER ABATING APPEAL

### Before Chief Justice Contreras and Justices Hinojosa and Silva
### Order Per Curiam

A jury convicted appellant Elijah Tates of evading arrest, a state jail felony enhanced to a third-degree felony due to prior convictions. *See* TEX. PENAL CODE ANN. §§ 12.425(a); 38.04(b)(1). The trial court assessed punishment at five years' confinement following a punishment hearing held via teleconference. *See id.* § 12.34.

On appeal, Tates argues, in part, that the trial court erred in holding the punishment phase of trial by remote conference in violation of his "Fifth, Sixth and Fourteenth Amendments of the United States Constitution, Art. I, Sections 10 and 19 of the Texas Constitution and Art. 33.03 of the Texas Code of Criminal Procedure, and his absence was category one or two *Marin* error not subject to procedural default." *See* U.S. CONST. amends. V, VI, XIV; TEX. CONST. art. 1, §§ 10, 19; TEX. CODE CRIM. PROC. art. 33.03; *see also Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993) (abrogated by *Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996)) and (overruled by, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)).

The Texas Court of Criminal Appeals recently granted petition for review on a similar issue[1] in two companion cases arising from our sister court. *See Lira v. State*, No. 11-20-00148-CR, __ S.W.3d __, __, 2021 WL 924893, at *3 (Tex. App.—Eastland Mar. 11, 2021, pet. granted); *Huddleston v. State*, No. 11-20-00149-CR, __ S.W.3d __, __, 2021 WL 924850, at *3 (Tex. App.—Eastland Mar. 11, 2021, pet. granted).

On its own motion, this Court, having reexamined and reconsidered the documents on file, issues the following ruling. This appeal is ABATED until such time as the Texas Court of Criminal Appeals issues its opinion in the direct appeal on one of the aforementioned companion causes. After that opinion issues, we direct appellant to promptly file a motion to reinstate the appeal, which shall reference and include a copy of

---

[1] At issue in *Lira* and *Huddleston* is whether a defendant's right to be physically present during court proceedings is a "substantive" right, and therefore, "immune to modification in times of emergency," and which harm analysis, if any, applies where the defendant is deprived of such right. *See Lira v. State*, No. 11-20-00148-CR, __ S.W.3d __, __, 2021 WL 924893, at *3 (Tex. App.—Eastland Mar. 11, 2021, pet. granted); *Huddleston v. State*, No. 11-20-00149-CR, __ S.W.3d __, __, 2021 WL 924850, at *3 (Tex. App.—Eastland Mar. 11, 2021, pet. granted).

the opinion issued by the court of criminal appeals.

                                        PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of July, 2021.