**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00234-CR**
_____

**JUSTIN ALLEN HOGUE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 258th District Court**
**San Jacinto County, Texas**
**Trial Cause No. 12,371**
_____

**OPINION**

The question here is whether the defendant properly preserved his issues claiming the trial court violated his constitutional right to a fair trial on a record showing his attorney never objected to the rulings that he now seeks to complain of in his appeal. On appeal, the defendant, Justin Allen Hogue, argues the trial court violated his right to a fair trial under the Sixth Amendment to the United States Constitution and under Article I, section 10 of the Texas Constitution. According to

Hogue, the court did so when it failed to determine after his trial had started whether two of the jurors on his jury should be removed. One of the jurors he complains about in this Court expressed difficulty hearing: the trial court offered to remedy that problem by allowing that juror to change seats. The other juror, Hogue says, was reportedly seen sleeping through some of the witnesses when they testified in his trial. This matter came to the trial court's attention when an assistant district attorney told the trial court in a conference at the bench that he had seen the juror sleeping while several of the witnesses it called testified in Hogue's trial.

The Sixth Amendment to the United States Constitution provides: "[T]he accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]"[1] Article I, section 10 of the Texas Constitution contains a similar provision: "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury."[2] For two reasons, we conclude Hogue forfeited his rights to complain about the jurors. First, he failed to object or to obtain rulings on his claim that the trial court should have questioned the jurors further, which is the claim he makes for the first time in his appeal. Second, the complaints Hogue levels at jurors—one had trouble hearing while the other fell asleep—are not matters that fall within the rights

---

[1]U.S. Const. amend. VI.
[2]Tex. Const. art. I, § 10.

2

guaranteed to defendants under the Sixth Amendment or Article I, section 10 of the Texas Constitution, the provisions Hogue has relied on in his brief.

Because Hogue's complaints were not preserved and lack merit, we will affirm.

## Background

This case requires the Court to decide whether the general rules of error preservation apply to Hogue's appeal. The general rule that governs preserving error is Rule 33.1(a) of the Rules of Appellate Procedure. It provides: "As a prerequisite to presenting a complaint for appellate review, the record must show that . . . a complaint was made to the trial court by . . . request, objection, or motion[.]"[3] But Hogue made no such request, objection, or motion based on the record before us in Hogue's appeal.

What the record does show is that in March 2019, the 258th District Court of San Jacinto County empaneled a jury of twelve people to decide whether Hogue was guilty of assaulting a public servant, a San Jacinto County Deputy Sheriff, as alleged in the indictment the grand jury returned in Hogue's case. On appeal, Hogue restricts his claims to arguments claiming the trial court owed him a duty, even in the absence of anyone's request, to question jurors about matters that came to the trial court's attention during Hogue's trial.

---

[3]Tex. R. App. P. 33.1(a).

3

In Hogue's first issue, he argues the trial court erred by failing to determine how much one juror's hearing problems prevented that juror from hearing the testimony presented later in his trial. In Hogue's other issue, he argues the trial court erred by failing to find out how much testimony a juror, reportedly seen sleeping, had missed after an assistant district attorney advised the trial court he had seen one of the jurors "sleeping most of the time." The record shows the assistant district attorney notified the trial court of the problem after three of the witnesses called by the State had testified in Hogue's trial.

Hogue has not identified where the record shows that he complied with the requirements to preserve the complaints he raises for the first time in the brief he filed to support his appeal. Instead, Hogue argues the errors were of constitutional dimension because they deprived him of his right to a fair trial. Hogue, however, offers no real explanation or argument describing how the alleged errors caused him to suffer egregious harm based on the evidence presented to the jury in his trial.

Analysis

Hogue suggests the trial court—on its own initiative—needed to do more than it did after learning of that one juror stated he had a problem hearing from where he was seated, and the other was seen sleeping. But neither the text of the Sixth Amendment, nor the text of Article I, section 10 of the Texas Constitution, create rights allowing defendants to have jurors with perfect hearing or to have jurors who

4

remain alert and attentive throughout trial.[4] And nothing in the text of either provision imposes a duty on the trial court, absent a party's request, to create a record sufficient to allow the defendant to support an argument in his appeal sufficient for a reviewing court to decide whether problems described by jurors were so severe that they prevented the juror from discharging his or her duties on the jury during the trial.

Almost every right—whether constitutional or statutory—is waivable when the party fails to object, move for relief, or request a court for relief the record shows the trial court denied.[5] Yet we recognize the general requirements of error preservation are subject "to two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'"[6]

Waivable-only rights are "'rights of litigants which must be implemented by the system unless expressly waived.'"[7] The Court of Criminal Appeals has also explained that systemic requirements exist "only in a very limited class of cases: a total deprivation of the right to counsel, lack of an impartial trial judge, unlawful exclusion of grand jurors of defendant's race, the right to self-representation at trial,

---

[4]*See* U.S. CONST. amend. VI; Tex. Const. art. I, § 10.

[5]*Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

[6]*Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (quoting *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)).

[7]*Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (quoting *Marin*, 851 S.W.2d at 279)); *Saldano*, 70 S.W.3d at 888.

the right to a public trial," and if the trial court gives the jury an erroneous instruction defining the term *reasonable doubt*.[8]

Hogue offers no explanation or argument explaining how the errors he alleges occurred—the trial court's failure to ask the jurors more questions when no one requested that the court do so—falls within the limited class of cases discussed in *Mendez*.[9] Instead, the errors Hogue argues the trial court committed, like most of the claims involved in appeals, are claims subject to the general rule of error preservation, which require a party to show the error was preserved by showing he told the trial court what he wanted and why he thought he was entitled to it through some timely objection, motion, or request made during the trial. [10]

Hogue also offers no explanation about how the trial court's failure to question the jurors violated a *systemic requirement* applicable to his trial. To establish a violation of a systemic requirement under the circumstances in his trial, Hogue needed to show that some statutory provision, rule of law, or requirement obligated the trial court to create a record in the absence of any party's request and "even if the parties wish[ed] otherwise."[11] He has not made that showing in his appeal. So

---

[8]*Mendez*, 138 S.W.3d at 340.
[9]*Id*.
[10]*See Marin*, 851 S.W.2d at 278 ("In short, the rights of litigants in our system of adjudication are usually forfeited by a failure to exercise them.").
[11]*Mendez*, 138 S.W.3d at 340.

we conclude Hogue failed to properly preserve the complaints he raised in his brief for the purposes of our review.[12]

## Conclusion

We hold Hogue failed to preserve the errors he complains about in his appeal.[13] Consequently, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice


Submitted on June 1, 2021
Opinion Delivered July 28, 2021
Publish

Before Golemon, C.J., Kreger and Horton, JJ.

---

[12]Tex. R. App. 33.1(a).
[13]*Mendez*, 138 S.W.3d at 340-41.

7