

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0973-06

**ELMER RAY JORDAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON  COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The Court holds that automatic reversible error results from the legal insufficiency of the evidence of an enhancement allegation.  This is the first time since our decision in *Cain*[1] that we have held any error to be automatically reversible except those errors so designated by the Supreme Court.  For this reason, and others, I respectfully dissent.

A conclusion on appeal that the evidence is legally insufficient to support a particular verdict or finding serves to remove that verdict or finding from the case. Period.  Any adverse consequences that depend entirely upon the verdict or finding disappear because there is no a longer a verdict or

---

[1] *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

finding to support them. When the evidence is legally insufficient to support a verdict of guilt, for example, the judgment of conviction, which depends entirely upon the verdict of guilt, is overturned. A similar result occurs with respect to deadly weapon findings. The assessment of a deadly weapon finding adversely affects a defendant's eligibility for parole and mandatory supervision.[2] If the evidence is legally insufficient to support a deadly weapon finding, then the finding is removed and those adverse consequences disappear.

The same is true when the evidence supporting an enhancement allegation is legally insufficient. In that case, the finding of "true" is removed so that the judgment reflects a simple unenhanced finding of guilt. If, without that enhancement, the term of years assessed is no longer within the range of punishment, then a remand for a new punishment hearing would be appropriate.

But if an adverse consequence does not depend entirely upon the verdict or finding for which the evidence is insufficient, then the matter is a question of trial error, not sufficiency of the evidence. If the evidence in this case was legally insufficient to support the enhancement, then the enhancement should not have been submitted to the jury,[3] and as a result, the jury should not have been instructed on the 25-year minimum for repeat offenders. Appellant may wish to phrase the issue as one of evidentiary insufficiency, but the real error upon which he is predicating his request for relief is a jury charge error that flows from the insufficiency.

We should not assume that every meritorious legal insufficiency claim will result in relief to a defendant. For example, the relief for insufficiency of the evidence to support a deadly weapon

---

[2] T EX. GOV'T CODE §§508.145(d), 508.149(a)(1).

[3] *See Malik v. State*, 953 S.W.2d 234, 237 (Tex. Crim. App. 1997)(when the evidence is legally insufficient, "the case should never have been submitted to the jury").

finding is deletion of the finding. But if the offense is a 3(g) offense, the defendant may obtain no practical benefit from the appellate holding of insufficiency of the evidence.[4]

Drug-free-zone findings produce both trial and post-trial effects, and provide a good example of the difference between a claim of legally insufficient evidence and a claim of jury charge error that arises from the fact of legally insufficient evidence. A drug-free-zone finding affects the range of punishment[5] and also affects eligibility for parole and mandatory supervision.[6] A legal insufficiency claim, if found to be meritorious, would result in removing the drug-free-zone finding, and the adverse parole and mandatory supervision consequences would disappear. If the term of years assessed by the jury exceeded the range of punishment for the unenhanced offense, then a remand for resentencing would also be required. But if the term of years assessed was within the range of punishment for the unenhanced offense, then a remand for resentencing could be based only on a claim of jury charge error – that the jury was given an incorrect instruction on the range of punishment, which may in turn have affected the jury's assessment of punishment.

The Court notes numerous cases in which no harm analysis was conducted after a finding of insufficient evidence to support enhancement allegations. But those cases all far pre-date *Cain*, in which we held that the only errors categorically immune from a harm analysis are those that have been designated as such by the United States Supreme Court.

This leads me to the harm analysis. Depending upon whether appellant objected, the error

---

[4] TEX. GOV'T CODE §§508.145(d), 508.149(a)(2)-(16).

[5] TEX. HEALTH & SAFETY CODE §481.134.

[6] TEX. GOV'T. CODE §§508.145(e), 508.149(a)(14).

in the jury charge should be analyzed for "some harm" or "egregious harm."[7] Regardless of which standard is applied in this case, I would hold that the error is harmless.

The Court concludes that a harm analysis should not be done because it would involve speculation. Though there is always speculation in a harm analysis, it is perhaps true that in most cases like this one such speculation would lead to a finding of harm. But the fact that a particular error may almost always be harmful does not mean that it is immune from a harm analysis.[8]

In this case the harmlessness seems apparent. Even if the jury had been correctly instructed, it would have heard exactly the same evidence. The prior convictions would still have been presented as "convictions" rather than simple bad acts. The only differences are that the jury would have been permitted to assess a lower minimum punishment, and the range of punishment would have been expanded by ten years. But the jury gave appellant 99 years – the highest term of years possible. I could readily conclude that the ten-year difference in the lower end of the punishment range might have mattered if the jury had assessed 25 years or 50 years, or even 75 years. But not 99 years.

I respectfully dissent.

Filed: June 18, 2008

Publish

---

[7] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

[8] *Cain v. State*, 947 S.W.2d at 264.