# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00664-CR

**Edward Donovan Cornelison, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 48448, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Edward Donovan Cornelison was sentenced to ten years in prison for possession of more than 4, but less than 200, grams of methamphetamine. He contends that the assessment of court costs and attorneys' fees in the written judgment is erroneous because it varies from the oral pronouncement in two ways: the written judgment specifies (1) amounts due ($250.50 in court costs and $771 in attorneys' fees), and (2) when payment is due (upon his release from prison), whereas the court did not orally pronounce amounts due or a time for payment. He also contends that the court erred by assessing attorneys' fees without first finding that he is able to pay attorneys' fees. We affirm.

Because Cornelison challenges only his sentence, we will focus our review of the facts on the events relevant to the challenge. On November 1, 2007, the trial court orally pronounced sentence. In pronouncing sentence, the trial court included the following statement: "I order you

to pay any and all court costs and court appointed attorney's fees." In the written judgment, signed November 8, 2007, the trial court filled in the blank under court costs as follows: "$250.50/$771.00-ATTORNEY FEES." The court made a separate special finding in the written judgment ordering Cornelison to pay the costs and fees "after release from incarceration." The record contains no objection, motion, or other statement or pleading containing any complaint by Cornelison regarding the content of either the oral pronouncement or the written judgment, or any assertion that there was a variance between the two in the trial court.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is the written declaration and embodiment of that oral pronouncement. Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West 2006); *see Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the court's written judgment varies from the court's oral pronouncement of sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (because oral pronouncement of sentence is the appealable event, no deviations in the written judgment can supersede the sentence pronounced in open court). The rationale is that all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence in the oral pronouncement. *Madding*, 70 S.W.3d at 135.

The Court of Criminal Appeals has written that, "[a]s a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court." *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1992). Generally, before an issue can be raised on appeal, the record must show that the complaint was made to the trial court by timely request, objection, or motion that stated the grounds for the ruling

sought with sufficient specificity that the trial court was aware of the complaint, unless the specific grounds were apparent from the context. *See* Tex. R. App. P. 33.1(a). If the circumstances in which the alleged error occurred did not provide time for an objection, then raising the error in a motion for new trial can suffice to preserve error. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). We are not persuaded that any departure from these general rules is warranted by the errors alleged here. *But cf. Harris v. State*, No. 01-04-01174-CR, 2006 Tex. App. LEXIS 1631, at *8 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (mem. op., not designated for publication) (because trial court is not authorized to assess new sentence when revoking "shock probation," fine first imposed there was void and appellant did not need to object to preserve error).[1] The appellate issues raised do not rise to the level of fundamental error.[2]

In his first issue, Cornelison asserts that the court erred by ordering him in the written judgment to pay a specific amount of court costs because the inclusion of the specific amount varies from the oral pronouncement. The specification of an amount is not, however, a variance in this case. The court orally ordered Cornelison to pay "any and all court costs."[3] This is not an assessment of indeterminate costs, but an assessment of *all* court costs. Inherent in this oral

---

[1] This case is a revocation of deferred adjudication probation rather than shock probation.

[2] The Court of Criminal Appeals has described fundamental error as implicating rights that are "widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

[3] This oral pronouncement distinguishes this case from cases in which the trial court did not orally pronounce that the defendant would be liable for restitution, then sought to impose restitution in the written judgment. *Weir v. State*, 252 S.W.3d 85, 87-88 (Tex. App.—Austin 2008, pet. filed); *Sauceda v. State*, No. 03-07-00268-CR, 2007 Tex. App. LEXIS 9722, at *4-5 (Tex. App.—Austin Dec. 12, 2007, no pet.) (mem. op., not designated for publication).

pronouncement is the expression that, whatever the court costs are, appellant would pay them in total. The absence of a specific dollar amount as to the phrase "any and all" in the oral pronouncement was immediately apparent. However, Cornelison elected not to object at the hearing or thereafter. The written order states that Cornelison owes $250.50 in costs. He did not object to the specification of the amount in the written judgment in his motion for new trial, filed on November 19, 2008, or otherwise. He did not and does not contend on appeal that $250.50 departs in any way from the amount of "all court costs." There is no indication in the record that the amount assessed is not, in fact, all of the actual court costs and is, therefore, incorrect. Under these circumstances, we overrule Cornelison's complaint that the specification of the amount in the written judgment diverges from the oral pronouncement in a way that constitutes reversible error.

In his second issue, Cornelison complains regarding a similar written specification that he pay $771 in attorneys' fees after the court had orally ordered that he pay "any and all" attorneys' fees. The statute concerning payment of appointed attorneys provides as follows:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2008). Cornelison's complaint about the written assessment of a specific amount of attorneys' fees differing from the oral pronouncement fails for the same reasons that his complaint about the written specification of the amount of court costs fails. Additionally, we have concluded that, because attorneys' fees can be assessed

4

irrespective of the result of the case, attorneys' fees are not punitive, are not part of the sentence, and, therefore, need not be pronounced orally in order to be included in the written judgment. *See Weir v. State*, 252 S.W.3d 85, 88 (Tex. App.—Austin 2008, pet. filed). This complaint fails.

Cornelison also contends that the trial court failed to determine that he had the ability to pay for his court-appointed counsel before assessing attorneys' fees. This complaint is not about a discrepancy between the oral pronouncement and the written judgment—the court made no express finding regarding ability to pay in either instance—but is about the absence of a finding. However, the statute does not explicitly require the court to make an express finding before assessing attorneys' fees. It requires that the court "determine" the defendant's ability to pay before ordering payment. We need not decide whether an express finding is required, though, because Cornelison waived this complaint by failing to raise it in the trial court.

Cornelison also argues that the trial court erred by orally ordering that he must "immediately" pay attorneys' fees, then signing a judgment ordering him to pay the fees "after release from incarceration." We observe first that the oral pronouncement was silent regarding the time for payment, rather than requiring immediate payment. This complaint is subject to similar flaws as issues already discussed. Cornelison did not make the trial court aware of any complaint regarding the absence of a specification of a due date in the oral pronouncement (or the arguably implicit order that payment was due immediately), the specification of his release date as a due date, or any variance between the two. Attorneys' fees are not punishment and are not required to be part of the oral pronouncement. *Weir*, 252 S.W.3d at 88. Moreover, the written judgment simply allows appellant to delay the time for payment until after his incarceration. Cornelison does not suggest

5

how this postponement of the due date for his payment harms him, and we perceive no such harm. We find it unlikely that payment tendered immediately would be refused but, even if it were, Cornelison does not explain how being required to keep his money for the term of his confinement is harmful to him.

We overrule Cornelison's issues and affirm the judgment.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 14, 2008

Do Not Publish