Opinion issued February 3, 2011



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-00344-CR

———————————

Brandon Roy Vestal, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal
from the 253rd District Court

Liberty
County, Texas



Trial Court Case No. CR27552

 



 

 

MEMORANDUM OPINION

          A jury convicted appellant Brandon Roy
Vestal of injury to a child and assessed punishment at life imprisonment and a
$10,000.00 fine.[1]  In his first three issues, appellant contends
the trial court erred in dismissing a juror, not granting a mistrial in
connection with the admission of evidence, and laying an evidentiary foundation
for the admission of State’s evidence. 
Appellant also contends his trial counsel was ineffective.[2]  We affirm.

          The underlying facts in the case are
not in dispute on appeal.  The Liberty
County Sheriff’s Department received a 9-1-1 call from appellant’s house about
a sick 15‑month‑old child, Brooke Erin Blackerby, who was having
trouble breathing.  Appellant was the
only person at the house with the victim at the time she was injured.  The victim was taken to the hospital, underwent
emergency surgery for abdominal injuries, and eventually died.  The medical examiner testified that the
victim died as a result of blunt abdominal trauma.

          In his first issue, appellant contends
the trial court erred in dismissing a juror outside the presence of appellant.  The juror called the trial court on the morning
of the first day of trial and said that he had the flu.  Outside the presence of appellant, the trial court
asked counsel for appellant and State if there was any objection to the court finding
that the juror was disabled and proceeding to trial with 11 jurors.  See
Tex. Code Crim. Proc. Ann. art.
36.29(a) (Vernon Supp. 2010) (disability of juror).  Both counsel for appellant and State stated they
had no objection.

          A criminal defendant currently
represented by counsel is not entitled to hybrid representation, and appellant
has not cited any authority for the proposition that his counsel could not
represent him in this regard.  Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005) (discussing hybrid representation).  Furthermore, appellant has not demonstrated
that he personally objected to the dismissal of the juror at any point in the
trial, thus preserving this allegation of error.  See
Tex. R. App. P. 33.1(a).  Appellant also suggests that the juror was
not disabled under Code of Criminal Procedure article 36.29(a) and that he was
not personally present at the trial.  See Tex.
Code Crim. Proc. Ann. arts. 28.01, 33.03 (Vernon 2006) (presence of
defendant).  None of these arguments have
been preserved for appeal.  See Tex.
R. App. P. 33.1(a).

          We overrule appellant’s first issue.

          In his second issue, appellant
contends the trial court erred in failing to grant a mistrial regarding
evidence that after surgery and prior to her death, the victim temporarily “actually
had to have some of her intestines laying out of her stomach” because of
swelling.  Appellant initially objected
based on a lack of evidence to support the testimony, which the trial court
overruled.  Appellant then asked for a
mistrial because “[t]his prejudicial evidence has come in with no substantive
basis and no admission.  There is no question
that the child died, but whether the child had intestines laying out on the
table does not have anything - - that has nothing to do with it.”

          Appellant did not object to the
admission of the testimony based on Texas Rule of Evidence 403, arguing that
even if it was relevant, the evidence should be excluded based on unfair
prejudice.  Appellant also did not ask
for an instruction that the jury disregard the testimony.  Instead, appellant suggests on appeal that
“photographs of the [victim] were such that any probative value was greatly
outweighed by the prejudicial effect of the evidence and testimony.”  The photographs, however, were admitted the
next day of trial, and were not related to the trial court’s ruling on the
motion for mistrial.

          The State responds that appellant has
not preserved error because he should have objected on specific grounds and
requested an instruction that the jury disregard the testimony before moving
for a new trial.  See Penry v. State, 903 S.W.2d
715, 764 (Tex. Crim. App. 1995).         For both this reason and the fact that
appellant argues on appeal about photographs that were not offered at the time
of the objection, we overrule the second issue.

          In issue three, appellant contends the
trial court committed fundamental error by laying the foundation for the admission
of two photographs of the victim. 
Appellant objected to the photographs as follows:

Judge, we would object to these photographs
here because it exposes the genital of the minor child, and there is no
evidence in the record that the injuries which are shown or the treatment
received by the child here - - in any way established the manner of cause of
death, and they’re not relevant for that purpose, and we object to the
relevancy of these documents here for that purpose.

 

The trial
court then proceeded to ask the following:

Doctor, are these photographs - - photographs
helpful to you and relevant in making a postmortem determination of the
injuries and cause of death?

 

The doctor
answered in the affirmative.

          Appellant concedes that his trial
counsel failed to object to the trial court’s question, but argues that under
both Texas Rule of Evidence 103(d) and case law he has not forfeited his right
to challenge the propriety of the court’s action.  See
Marin v. State, 851 S.W.2d 275, 278–81 (Tex. Crim.
App. 1993) (discussing rights that can be forfeited, rights that can be
expressly waived, and rights that cannot be waived), overruled in part by Cain v.
State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).  Appellant’s issue on appeal relates not to
the admission of the photographs, to which appellant objected, but to the trial
court’s asking of a predicate question, which appellant suggests indicates the
judge’s bias towards the State (“Clearly, the conduct of the trial court in
questioning the witness in order to lay the proper predicate for the admission
of photographs in favor of the State’s case improperly influenced the jury in
their consideration of the evidence in the case.”).

          While
we agree that the trial court should have allowed the State to lay the
predicate for its evidence, we do not agree that the trial court’s conduct
rises to the level of a fundamental error under Texas Rule of Evidence 103(d) or a right that cannot be forfeited under Marin. 
Appellant does not cite any authority that holds the trial court’s
action is not subject to the normal rules of waiver, and we know of no such
authority.  To the extent that the trial
court did err, its action was not incurable if appellant had objected.

          We overrule issue three.

          In appellant’s fourth issue, he claims his trial counsel was
ineffective because trial counsel allegedly (1) did not file any discovery
motions, (2) did not review evidence before trial, (3) did not consult with
appellant about excusing the juror, (4) failed to object to a reference to appellant
as a “child molesting bastard,” (5) put incorrect information about appellant
in a bond application that appellant was a lifetime resident of Liberty County,
(6) “went into some detail” in questioning appellant at the bond hearing about
underlying facts and circumstances, and (7) mispronounced the name of the
deceased victim.  To be entitled to a new
trial based on ineffective assistance, a defendant must show that counsel’s
performance was so deficient that he was not functioning as acceptable counsel
under the Sixth Amendment, and there is a reasonable probability that, but for
counsel’s error, the result of the proceedings would have been different.  See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 726
S.W.2d 53, 55–57 (Tex. Crim. App. 1986). 
The defendant bears the burden to prove ineffective assistance of
counsel.  See Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.

          Allegations
of ineffective assistance of counsel must be firmly founded in the record.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996).  The review
of trial counsel’s representation is highly deferential and presumes that
counsel’s actions fell within a wide range of reasonable professional
assistance.  See Thompson v.
State, 9 S.W.3d 808, 812–13 (Tex. Crim. App. 1999) (citing McFarland,
928 S.W.2d at 500)).  When the record is
silent on the motivations underlying trial counsel’s tactical decisions,
appellant usually cannot overcome the strong presumption that trial counsel’s
conduct was reasonable.  See Thompson,
9 S.W.3d at 813.

          In
the majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel’s actions.  See Mallett v. State, 65 S.W.3d
59, 63 (Tex. Crim. App. 2001).  In this
case, there was no evidentiary hearing on a motion for new trial.  Because the reasonableness of trial counsel’s
choices often involves facts that do not appear in the appellate record, the
Court of Criminal Appeals has stated that trial counsel should ordinarily be
given an opportunity to explain his or her actions before a court reviews that
record and concludes trial counsel was ineffective.  See Bone v. State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  A
petition for writ of habeas corpus usually is the appropriate vehicle to
investigate ineffective-assistance claims. 
See Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).  Without proof from the defendant
that there is no plausible professional reason for trial counsel’s act or
omission, the reviewing court may not speculate on why counsel acted as he did.  See Bone, 77 S.W.3d at 835–36.

          On
appeal, appellant points to a conversation at the bench that suggests that the
district attorney did not give appellant counsel’s full access to the State’s
files after counsel filed a discovery motion. 
The record is not clear whether counsel was denied access to the State’s
files in this case.  Furthermore, the
record does not explain who was responsible for the erroneous information in
applicant’s bond application, appellant or appellant’s counsel.  Finally, appellant does not explain how his
counsel’s questioning at the bond hearing or the mispronunciation of the
deceased victim’s name shows that his trial counsel failed the first prong of Strickland—counsel’s
performance was so deficient that he was not functioning as

acceptable counsel under the Sixth
Amendment.[3]

          It
is appellant’s burden to prove that there was no plausible professional reason
for his trial counsel’s actions.  While
we acknowledge there would appear to be no sound trial strategy for
mispronouncing the deceased victim’s name, we are also not aware of any
authority that such a mistake would cause counsel to per se fail the first
prong of Strickland.  Without speculating about any of the
remaining allegations about trial counsel’s lack of strategy, we hold that appellant
has not met his burden under the first prong of Strickland to prove that
his trial counsel was deficient.  Because
failure to make the required showing of either deficient performance or
sufficient prejudice defeats an ineffectiveness claim, we do not reach appellant’s
arguments on the second prong of Strickland.  See Thompson, 9 S.W.3d at 813.

          We
overrule appellant’s fourth issue.




 

          We
affirm the trial court’s judgment.

          

 

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and Massengale.

Do not publish.  Tex. R. App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 22.04 (Vernon Supp. 2010).

 





[2]           The Texas Supreme Court
transferred this appeal from the Court of Appeals for the Ninth District of
Texas.  Misc. Docket No. 09-9049 (Tex. Mar.
31, 2009); see Tex. Gov’t Code
Ann. § 73.001 (Vernon 2005) (authorizing transfer of cases).  We are unaware of any conflict between
precedent of the Court of Appeals for the Ninth District and that of this Court
on any relevant issue.  See Tex.
R. App. P. 41.3.  





[3]           Appellant’s allegations the
trial counsel was ineffective for not consulting with appellant about excusing
the juror and failing to object to a reference to appellant as a “child
molesting bastard” were mentioned only in the appellate brief’s summary of the
argument and were not substantively briefed. 
Therefore, we need not address these allegations.  See
Tex. R. App. P. 38.1(i).