

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00106-CR

_____

JOHNNY LESTER ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14904

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

A Marion County jury convicted Johnny Lester Anderson of indecency with a child by sexual contact. Anderson was sentenced to twenty years' imprisonment and was ordered to pay a $10,000.00 fine and $400.00 in attorney fees for his court-appointed attorney. On appeal, Anderson argues that the trial court erred in admitting unsworn pleadings in a divorce proceeding because they contained allegations by Anderson's wife that he had a history or pattern of child abuse. Anderson also argues that because he was indigent, the trial court erred in ordering him to pay attorney fees for his court-appointed counsel.

We find that Anderson failed to preserve his first point of error. However, we sustain Anderson's second point of error because we find the evidence insufficient to support the order to pay attorney fees. Accordingly, we delete the order to pay attorney fees from the judgment and affirm the judgment, as modified.

## I. Anderson Did Not Preserve His First Point of Error

During trial, Anderson's wife, Charlotte Anderson, testified that she did not believe the child victim's outcries because the child was not always truthful. In response, the State introduced a divorce petition alleging that Anderson had "a history or pattern of child abuse." Anderson's counsel only objected to the relevance of the document.

On appeal, Anderson does not argue that the document was irrelevant for impeachment purposes, or otherwise. He also concedes that he made no other objection to the document, but contends that its admission constituted fundamental error because it was very damaging to his case. Additionally, Anderson's brief fails to further specify the ground for the trial court's alleged

2

error. Instead, citing to cases involving jury charge error which are not applicable here, Anderson argues that the document's admission constituted egregious harm.

Generally, a party must object to preserve error on appeal. *See* TEX. R. APP. P. 33.1(a). However, pursuant to Rule 103(e) of the Texas Rules of Evidence, appellate courts may take "notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." TEX. R. EVID. 103(e). Fundamental errors fall into "two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (quoting *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)). "Waivable only" rights include the right to the assistance of counsel and the right to trial by jury. *Id.* "Absolute, systemic rights" include jurisdiction of the person, jurisdiction of the subject matter, a penal statute's compliance with the separation of powers section of the state constitution, a constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of ex post facto laws, and certain constitutional restraints on the comments of a judge. *Id.* at 888–89. Notably, neither of the fundamental error categories includes the admission or exclusion of evidence, regardless of how probative or prejudicial the evidence might be. *See id.* Thus, we reject Anderson's argument of fundamental error and conclude that he was required to preserve any error by presenting to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling. TEX. R. APP. P. 33.1(a)(1).

3

Anderson only objected to the document's relevance at trial, a point which he does not bring on appeal. To the extent that Anderson's brief could somehow be fairly read to raise some other issue, it was not preserved because a "point of error on appeal must comport with the objection made at trial." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see* TEX. R. APP. P. 33.1. Accordingly, we overrule Anderson's first point of error.

## II.     We Delete the Order to Pay Attorney Fees

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure the sufficiency of the evidence supporting an order of court costs by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees as court costs only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . , including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong*, 340 S.W.3d at 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556).

Here, the trial court declared Anderson indigent and appointed counsel for trial. Therefore, he was presumed to remain indigent absent record proof of a material change in his circumstances.

4

TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2017); *Mayer*, 309 S.W.3d at 557. The record contains no proof of a material change in Anderson's circumstances. Simply put, the appellate record in this case demonstrates that the evidence is insufficient to support the order to pay attorney fees included in the written judgment. The State concedes the error.

Appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). Accordingly, we modify the trial court's judgment by deleting the order to pay attorney fees from the judgment.

## III.    Conclusion

We delete the order to pay attorney fees from the judgment and affirm the trial court's judgment, as modified.

Bailey C. Moseley
Justice

Date Submitted:      September 21, 2018
Date Decided:       October 4, 2018

Do Not Publish