

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1003-20

**JUSTIN KING, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE TENTH COURT OF APPEALS
FREESTONE COUNTY**

KELLER, P.J., announced the judgment of the Court and filed an opinion in which RICHARDSON, KEEL and SLAUGHTER, JJ., joined. NEWELL, J., filed a concurring opinion in which HERVEY and WALKER, JJ., joined. YEARY and MCCLURE, JJ., concurred.

## O P I N I O N

At issue in this case is whether the trial court violated the Due Process Clause or Article 28.01, Section 1 of the Code of Criminal Procedure when it held a pre-trial hearing in Appellant's absence. We find that there was no due process violation and any Article 28.01 violation was harmless.

# I. BACKGROUND

## A. Trial

Appellant was charged with evading arrest or detention with a motor vehicle and with theft of a firearm. The trial court held a pre-trial hearing on Appellant's motion in limine regarding punishment evidence. Appellant's trial counsel attended the hearing, but Appellant was not present in the courtroom. The trial court granted the unopposed motion in limine after a brief discussion with the attorneys.

While appellant was still outside the courtroom, the attorneys and trial court discussed whether Appellant intended to stipulate to the enhancements alleged in the indictment and whether Appellant might be disruptive at trial. Defense counsel also said that Appellant "believes he can fire me and get another attorney and delay this trial." The trial court responded that the trial would not be delayed. The next two minutes of the bench conference are not in the record.

Back on the record, the trial court and attorneys discussed how they would conduct voir dire under the assumption that Appellant would plead not guilty. Appellant then entered the courtroom. The State's attorney said he would be trying only the evading arrest charge and would use the theft of firearm charge as an unadjudicated pending offense during the punishment phase.

At this point, Appellant's trial counsel left the courtroom. The trial court advised Appellant of his right to plead not guilty and asked whether he wanted to plead not guilty and

go to trial.  Appellant said that he wanted to plead guilty on the evading arrest charge and have the jury assess punishment.  The trial court then asked Appellant to confirm this with his trial counsel. Appellant's trial counsel returned to the courtroom, and Appellant told his attorney, "I want to apologize to you.  I want you to represent me to the fullest extent.  I want to plead 'guilty' to the evading and use the jury for sentencing."  The court then explained that pleading guilty would affect the way the attorneys conducted voir dire.  Appellant said that he understood and wanted to plead guilty.

Appellant did not formally plead guilty to the charge and true to the enhancements until the next day.  The jury found Appellant guilty and assessed punishment at twenty years' confinement and a $10,000 fine.

## B. Court of Appeals

On direct appeal, Appellant argued that his absence from the hearing violated the Fourteenth Amendment's Due Process Clause and Article 28.01, Section 1 of the Code of Criminal Procedure.[1]  The Court of Appeals agreed that Appellant's absence was error but found the error to be harmless because Appellant's presence did not bear a reasonably substantial relationship to his defense and his absence did not affect the outcome of the trial.[2] Appellant's petition for discretionary review asks, "Can harmlessness be presumed from a silent record when a defendant has been denied his constitutional and statutory rights to be

---

[1] *King v. State*, No. 10-19-00354-CR, 2020 WL 5667148, at *2 (Tex. App.—Waco Sept. 23, 2020).

[2] *Id.* at *3.

present during a pretrial proceeding?"

## II. ANALYSIS

### A. Law

Multiple constitutional provisions protect a defendant's right to be present at different stages of prosecution.[3] The Fourteenth Amendment Due Process Clause is implicated when "the defendant is not actually confronting witnesses or evidence[.]"[4] In *Snyder v. Massachusetts*, the Supreme Court stated that the due process right to presence is not absolute; rather, the "presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."[5] Put another way, there is no due process violation when the defendant's presence does not bear a reasonably substantial relationship to his or her defense.[6] Of course, if there is no due process violation, no harm analysis need be conducted.

In addition to the Due Process Clause, Article 28.01, Section 1 of the Texas Code of Criminal Procedure requires that a defendant be present during "any pre-trial proceeding."[7]

---

[3] *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (Sixth Amendment Confrontation Clause and Fifth Amendment Due Process Clause); *Snyder v. Massachussetts,* 291 U.S. 97, 106-08 (1934) (Fourteenth Amendment Due Process Clause).

[4] *Gagnon*, 470 U.S. at 526; *see Routier v. State*, 112 S.W.3d 554, 587 (Tex. Crim. App. 2003) (stating the Sixth Amendment applies when the defendant is actually confronting witnesses).

[5] *Snyder,* 291 U.S. at 107-08.

[6] *Routier*, 112 S.W.3d at 576.

[7] TEX. CODE CRIM. PROC. art. 28.01, § 1.

A violation of Article 28.01 is non-constitutional error subject to review under Texas Rule of Appellate Procedure 44.2(b).[8] Rule 44.2(b) states that non-constitutional error must be disregarded unless it affects the defendant's substantial rights.[9] "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect."[10]

## B. Application

Appellant raises four issues discussed during the bench conference that he contends the Court of Appeals failed to adequately address: (1) how Appellant's attorney would handle the motion in limine; (2) how Appellant might plead to the charge and enhancements; (3) whether Appellant might be disruptive at trial; and (4) trial counsel's comment about Appellant hoping to substitute new counsel to delay trial.[11] Discussing each in turn, we find that Appellant cannot prevail under either the due process standard or Rule 44.2(b).

Appellant first argues that he did not have the opportunity to consult with trial counsel about the motion in limine. Both parties cite to *Adanandus v. State*, where the defendant challenged his conviction because the trial court conducted a pre-trial hearing in his

---

[8] *See* TEX. R. APP. P. 44.2(b).

[9] *Id.*

[10] *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

[11] Appellant's Brief at 10.

absence.[12]  In that case, we held that the defendant's absence was harmless because the defendant's trial counsel was present at the meeting, sufficiently advocated on the defendant's behalf, and secured favorable rulings.[13]  Further, there was "no evidence that appellant had any information, not available to the attorneys or the court, regarding any of the matters discussed at the meeting."[14]

The same is true here.  Appellant's trial counsel was present at the hearing and argued Appellant's unopposed motion in limine, which the trial court granted in its entirety.[15] Further, Appellant does not contend that he had any personal insight or information not already available to the attorneys or the court that would have aided his defense.[16] So his presence did not have a reasonably substantial relationship to defending the motion in limine. For the same reasons, we have fair assurance that the error did not influence the jury.  This was a preliminary hearing.  Nothing decided about the motion in limine was final.  And the trial court granted the motion that was the subject of the hearing.

Appellant next argues that he did not have the opportunity to consult with counsel before pleading guilty after the State said it would proceed on only the evading arrest charge. But Appellant did not formally enter his plea until the next day.  The trial court was simply

---

[12]  *Adanandus v. State*, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993).

[13]  *Id.* at 220.

[14]  *Id.*

[15]  *See id.*

[16]  *See id.*

trying to determine how voir dire would be conducted. The trial court did ask Appellant to confer with his trial counsel about his plea in relation to voir dire. And Appellant told his attorney, on the record, that he wanted to plead guilty to the evading arrest charge and have the jury assess punishment.[17] We are also assured that Appellant's absence did not influence the jury. If there was concern about the effect of altered charges, Appellant and his counsel had ample opportunity to resolve such concerns before moving forward with his plea.[18] In fact, using the theft-of-firearm charge as an unadjudicated offense only benefitted Appellant because it was considered pursuant to Texas Penal Code § 12.45 and is now barred from prosecution.[19]

Appellant next argues that he should have been present to defend against his attorney's statement that he might be disruptive at trial. But Appellant elected to have the jury determine punishment, and the jury was not in the courtroom when trial counsel made the statement. Moreover, there is no evidence that the trial court made any rulings based on the statement, or that the attorneys or trial court ever alluded to Appellant being disruptive in front of the jury. His presence would have served no purpose, and his absence could not

---

[17] *Cf. Adanandus*, 866 S.W.2d at 217 (giving defendant a second opportunity to fully voir dire venirepersons who were previously voir dired in his absence).

[18] *Cf. Kapperman v. State*, No. 01-20-00127-CR, 2022 WL 3970081, at *28 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op., not designated for publication) (finding no constitutional harm in the defendant's absence from trial when the defendant could consult with counsel during breaks between witnesses and when the court recessed, and there was no indication the defendant was denied an opportunity to speak with counsel).

[19] *See* TEX. PEN. CODE § 12.45(c).

have influenced the jury's decision.

Appellant next contends that there may have been some issue with trial counsel's representation based on his comment about Appellant wanting another attorney and that the trial court should have conducted a hearing to resolve the issue. But later in the hearing, Appellant made an apparently unsolicited apology to his trial counsel in front of the trial judge and clearly stated that he wanted his trial counsel to continue representing him. Appellant already made his wishes clear; nothing would have been gained from a separate hearing on the matter.[20] For the same reason, we have fair assurance that his absence from the pretrial hearing did not affect the jury's decision.

Last, Appellant argues that "[b]ecause of the unrecorded 2-minute bench conference, the record contains insufficient data to assess harm, and reversal is required."[21] We have held that, except for certain errors labeled by the Supreme Court as "structural," no category of cases is immune from harmless error analysis.[22] There are instances where "the data is insufficient to conduct a meaningful harmless error analysis," but that is not the case here.[23] Due process cases do not typically place the burden on the State to show that there was no

---

[20] *See Snyder v. Massachussetts,* 291 U.S. 97, 106-07 (1934) (stating a defendant's presence is not substantially related to the defense when any additional benefit is minimal); *see also Adanandus*, 866 S.W.2d at 220.

[21] Appellant's Brief at 7.

[22] *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

[23] *Id.*; *see also VanNortrick v. State*, 227 S.W.3d 706, 714 (Tex. Crim. App. 2007).

violation,[24] and absent some evidence to the contrary, we will presume that an off-record discussion between the attorneys and trial court during a short interlude at an otherwise typical preliminary hearing, such as this, involved trivial or insubstantial matters with minimal significance to the due process analysis.[25] As for the Rule 44.2(b) analysis, neither party bears the burden of proof.[26] We need only have fair assurance, based on our independent review of the whole record, that Appellant's absence did not contribute to the jury's decision or had but slight effect.[27]

Nothing in our review suggests that the nature of the hearing changed during the unrecorded discussion. In fact, the first thing the trial court stated back on the record was

---

[24] *Compare Routier v. State*, 112 S.W.3d 554, 587 (Tex. Crim. App. 2003) 576-77 (finding no due process violation where the defendant could not show that her presence at an in-chambers meeting regarding trial transcripts was reasonably related to the defense), *with Ex Parte Chavez*, 371 S.W.3d 200, 208-09 (Tex. Crim. App. 2012) (placing burden on defendant to show both falsity and materiality in false testimony due process claim), *and Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993) (placing burden on defendant to show suppression of material evidence in *Brady* due process claim).

[25] *See United States v. Gagnon*, 470 U.S. 522, 527 (1985) (finding no due process violation from trial court's private discussion with a juror and an attorney for one of the defendants about a defendant drawing sketches of the jury where (1) the meeting was a "short interlude in a complex trial"; (2) there was nothing the defendants could have contributed to the discussion; and (3) the trial judge was inquiring into a "minor occurrence"); *cf. Kentucky v. Stincer*, 482 U.S. 730, 746–47 (1987) (finding no due process violation after defendant was excluded from competency hearing where the sole focus of the hearing was to determine the witnesses' competence and not the substantive testimony they might give at trial).

[26] *VanNortrick*, 227 S.W.3d at 708-09.

[27] *See id.*

that it would conduct voir dire under the assumption Appellant intended to plead not guilty.[28] The unrecorded conversation was likely limited to that issue, and as we have said, Appellant made his wishes clear on that front. But even if other issues were discussed, we have no reason to believe that Appellant would have made unique contributions, or that the discussions substantially influenced the jury's decision. The unrecorded discussion occurred outside the presence of the jury, during a preliminary hearing, and there is nothing in the record to suggest that the trial court made any binding decisions adverse to Appellant as a result. The decisions that were made, by the trial court and the State's attorney, seem only to have benefitted Appellant.

### III. CONCLUSION

There was no due process violation because Appellant's presence did not bear a reasonably substantial relationship to defending the hearing, and the Article 28.01 violation was harmless because Appellant's absence did not substantially affect the jury's decision. We affirm the court of appeals and the trial court.

Delivered: February 22, 2023
Publish

---

[28] *See Love v. State*, 543 S.W.3d 835, 846 (Tex. Crim. App. 2016) ("[W]e take into account any and every circumstance apparent in the record that logically informs [the harmless error determination].").