**Affirmed as Modified and Opinion Filed July 8, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01154-CR**

**MONTAY HARRIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1955587-Q**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Miskel

Montay Harris appeals the trial court's judgment adjudicating him guilty of possession of methamphetamine in the amount of 4 grams or more but less than 200 grams. Harris pleaded true to the State's allegation that he violated a condition of his community supervision, and the trial court adjudicated him guilty and assessed his punishment at six years of imprisonment.

Harris raises four issues on appeal that argue as follows: (1) the trial court abused its discretion because its assessment of his punishment at six years of imprisonment was arbitrary, unreasonable, and outside the zone of reasonable

disagreement; (2) his punishment is cruel and unusual in violation of the Eighth Amendment; (3) his punishment is grossly disproportionate to his offense and inappropriate to the offender in violation of his constitutional rights under article I, § 13 of the Texas Constitution; and (4) the judgment incorrectly refers to the terms of a plea bargain and should be modified to delete that language.

We conclude that the trial court did not abuse its discretion when it assessed Harris's punishment at six years of imprisonment, and Harris failed to preserve for appellate review his issues complaining that his punishment violates the U.S. and Texas Constitutions. The trial court's judgment contains errors so we modify the judgment accordingly. We affirm the trial court's judgment adjudicating guilt as modified.

## I. Procedural Background

Harris was indicted for possession of methamphetamine, which is a controlled substance, in the amount of 4 grams or more but less than 200 grams on June 13, 2019. He pleaded guilty to the offense pursuant to a plea agreement containing a sentence bargain.[1] The trial court accepted his plea and placed him on deferred adjudication community supervision for two years and assessed a fine in the amount

---

[1] A "sentence bargain" refers to an agreement between the State and the defendant where the defendant promises to plead guilty or nolo contendere to the pending charge or counts in exchange for a lesser sentence. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Hodge v. State*, No. 05-18-00549-CR, 2019 WL 3212150, *2 (Tex. App.—Dallas July 9, 2019, no pet.) (mem. op., not designated for publication).

of $1,500, which was probated. The trial judge signed the order of deferred adjudication on September 17, 2020.

On September 14, 2021, Harris was arraigned for violating of the terms of his community supervision on September 10, 2021. The trial court's arraignment sheet states that he was under arrest and that there was a warrant for his probation violation. On September 20, 2021, the State filed a motion to revoke Harris's community supervision and to proceed with an adjudication of guilt alleging he had violated a condition of his community supervision by possessing a firearm. Further, the trial court's docket sheet states that the State and the defense agreed to a bond on September 21, 2021, and the October 17, 2021 bail bond states that it was for a probation violation in this case.

Harris pleaded true to the allegation pursuant to an open plea agreement with the State. After a hearing on November 8, 2023, where Harris presented evidence in mitigation of his punishment, the trial court granted the State's motion to revoke Harris's community supervision, adjudicated him guilty of possession of methamphetamine in the amount of 4 grams or more but less than 200 grams, and assessed his punishment at six years of imprisonment.

## II. Adjudication of Guilt and Assessment of Punishment

In issue one, Harris argues the trial court abused its discretion because its assessment of his punishment at six years of imprisonment was arbitrary, unreasonable, and outside the zone of reasonable disagreement. He claims that,

although he pleaded true to the allegation that he violated his community supervision, he provided a reasonable explanation for his possession of the firearm so his punishment was unreasonably harsh. In effect, Harris contends that the trial court did not take into account the evidence relating to the circumstances surrounding his community-supervision violation. The State responds that the trial court did not abuse its discretion because it assessed his punishment within the applicable range of punishment for the offense.

## A.   Standard of Review

A trial judge is given wide latitude to determine the appropriate sentence in a given case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). A reviewing court cannot step into the shoes of the trial judge and substitute its judgment for hers unless that trial judge has clearly abused her discretion. *Id.* A trial judge does not abuse her discretion unless her decision was arbitrary or unreasonable and was outside the zone of reasonable disagreement. *See State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016); *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). Generally, as long as the sentence is within the proper range of punishment, it will not be disturbed on appeal. *See Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)).

**B. Applicable Law**

The offense of possession of a controlled substance in Penalty Group 1, which includes methamphetamine, is a second-degree felony if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, 4 grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(d).[2] An individual adjudged guilty of a second-degree felony shall be punished by imprisonment for any term of not more than 20 years or less than 2 years. TEX. PENAL CODE ANN. § 12.33(a).

**C. The Trial Judge Did Not Abuse Her Discretion**

Harris pleaded true to the allegation that he violated a condition of his community supervision pursuant to an open plea agreement with the State. During the hearing on his punishment, Harris presented evidence that his possession of a firearm was an isolated event and reasonably explained—it belonged to another individual and was accidentally left in his vehicle. After hearing the evidence, the trial court assessed his punishment at six years of imprisonment.

Before imposing his sentence, the trial judge asked if there was any reason Harris's sentence should not be imposed. Harris's defense counsel asked if the trial judge would consider probating his sentence and the trial judge stated that she would not. When the trial judge asked again if there was any reason why Harris's sentence

---

[2] After the date of Harris's offense, the legislature amended both § 481.102 and § 481.115 of the Texas Health and Safety Code two times. We cite to the current version of the statute because the subsequent amendments do not affect the outcome of this appeal.

should not be imposed, defense counsel answered, "No." At that point, Harris begged for mercy but the trial judge did not change her assessment of Harris's punishment.

The record shows that the trial court assessed Harris's punishment within the range prescribed for the offense. *See* HEALTH & SAFETY § 481.115(d); PENAL § 12.33(a). The record does not demonstrate that the trial judge's decision was arbitrary, unreasonable, or outside the zone of reasonable disagreement. Accordingly, we conclude the trial judge did not abuse her discretion when she assessed Harris's punishment at six years of imprisonment.

Issue one is decided against Harris.

## III. Eighth Amendment of the U.S. Constitution and Article I, § 13 of the Texas Constitution

In issues two and three, Harris argues his punishment is cruel and unusual in violation of the Eighth Amendment and his punishment is grossly disproportionate to his offense and inappropriate to the offender in violation of his constitutional rights under article I, § 13 of the Texas Constitution. He claims that the evidence adduced during his hearing on punishment does not support the trial court's assessment of his punishment at six years of imprisonment. The State responds that Harris failed to preserve these issues for appellate review.

### A. Applicable Law

To preserve error for appellate review, a defendant must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for

the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). A defendant in a criminal case can forfeit error, even constitutional error, when he fails to make a timely objection or fails to request proper relief. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). To preserve a complaint about an allegedly disproportionate or cruel and unusual punishment for appeal, a defendant must make his complaint to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Hunter v. State*, No. 05-23-01019-CR, 2024 WL 2024 WL 2972026, at * (Tex. App.—Dallas, June 13, 2024, no pet. h.).

## B. Harris Failed to Preserve His Complaints for Appellate Review

The record shows that Harris's punishment was assessed at six years of imprisonment, which we have already concluded was within the statutory range of punishment for the offense. HEALTH & SAFETY § 481.115(d); PENAL § 12.33(a); *see also Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd) ("Punishment assessed within the statutory range is not constitutionally cruel and unusual."). The record also shows that Harris did not object to his punishment on the grounds it violated either the Eighth Amendment of the U.S. Constitution or article I, § 13 of the Texas Constitution. Nor did he raise his complaints in a motion.

–7–

Accordingly, we conclude that he failed to preserve these arguments for appellate review.

We decide issues two and three against Harris without regard to their merit.

## IV. Modification of the Judgment Adjudicating Guilt

In issue four, Harris argues the judgment adjudicating his guilt incorrectly refers to the terms of a plea bargain and should be modified to delete that language. The State agrees. Also, the record shows that Harris pleaded true to the allegation pursuant to an open plea agreement with the State; Harris did not plead true pursuant to a plea bargain.

Further, although neither party raises the issue, we observe that the record reveals an additional error in the judgment—it incorrectly lists the statute for the offense as Texas Health and Safety Code § 481.115(B). The record shows that Harris was indicted for and pleaded guilty to possession of a controlled substance, specifically methamphetamine, in the amount of 4 grams or more but less than 200 grams which is an offense under § 481.155(a) and elevated to a second-degree felony under subsection (d). *See* HEALTH & SAFETY § 481.115(a), (d). Further, the trial court's judgment adjudicating guilt lists the offense for which Harris was found guilty as possession of a controlled substance in the amount of 4 grams or more but less than 200 grams and states that the degree of the offense is a second-degree felony. We also note that there is no § 481.115(B) in the Texas Health and Safety Code; only § 481.115(g)(B) and § 481.115(h)(1)(B) contain a "(B)." *See id.*

§ 481.115. However, those provisions relate to when certain defenses to prosecution are available to the defendant. *See id.* § 481.115(g)(B), (h)(1)(B).

An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting the reasoning in *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.— Dallas 1991, pet. ref'd) (en banc)).

We conclude the trial court's judgment adjudicating guilt should be modified as follows:

- "Terms of Plea Bargain (if any): 6 YEARS TDC NO FINE" is modified to read "Terms of Plea Bargain (if any): N/A."

- "Statute for Offense: 481.115(B) Health and Safety Code" is modified to read "Statute for Offense: TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d)."

Issue four is decided in favor of Harris.

## V. Conclusion

The trial court did not abuse its discretion when it assessed Harris's punishment at six years of imprisonment. Harris failed to preserve for appellate review his issues complaining that his punishment violates the Eighth Amendment of the U.S. Constitution or article I, § 13 of the Texas Constitution. The trial court's judgment contains errors, so we modify the judgment accordingly.

We affirm the trial court's judgment adjudicating guilt as modified.

The trial court is directed to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment in this case. *See Shumate v State*, 649 S.W.3d 240, 244–45 (Tex. App.—Dallas 2021, no pet.).

/Emily A. Miskel/
_____
EMILY A. MISKEL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

231154F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MONTAY HARRIS, Appellant

No. 05-23-01154-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-55587-Q. Opinion delivered by Justice Miskel. Justices Smith and Breedlove participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

- "Terms of Plea Bargain (if any): 6 YEARS TDC NO FINE" is modified to read "Terms of Plea Bargain (if any): N/A."

- "Statute for Offense: 481.115(B) Health and Safety Code" is modified to read "Statute for Offense: TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d)."

As **REFORMED**, the judgment adjudicating guilt is **AFFIRMED**.

The trial court is **DIRECTED** to prepare a corrected judgment adjudicating guilt that reflects the modifications made in this Court's opinion and judgment in this case.

Judgment entered July 8, 2024

–11–